WILLIAM W. BURRAGE, administrator, *vs.* FRANCIS D. BRIGGS & others.

Suffolk.   March 27, 1876.   DEVENS & LORD, JJ., absent.

A testatrix, by her will, bequeathed property in trust, the income to be paid to her adopted daughter for life, remainder to her children, if any, in fee, and, in case of her death without issue, to the residuary legatee under the will, and, by another clause in the will, gave and bequeathed to her brother all the rest, residue and remainder of her property and estate, "to be taken, held and enjoyed by him and his heirs forever, in fee simple." The brother died five years before the testatrix, leaving no issue, but leaving brothers and sisters. *Held,* that the residuary bequest went to the adopted daughter.

BILL IN EQUITY, filed October 5, 1875, by the administrator with the will annexed of Lucy Ann Sargent, to obtain the instructions of the court, and alleging the following facts:

The will of the testratrix, dated January 25, 1867, and duly admitted to probate, was, so far as is material to this case, as follows:

" Third. I give, devise and bequeath to my said brother Enos Briggs, in trust for the benefit of my adopted daughter, Carrie Briggs Sargent, the sum of twenty-five thousand dollars, to be invested by the said trustee, my said brother, as a separate and distinct trust fund, and to be managed, invested and reinvested from time to time, according to the best judgment of my said trustee, and the income thereof to be by him collected, and the net income to be by him faithfully expended for the nurture and education and benefit of the said Carrie Briggs Sargent until she shall arrive at the age of eighteen years, so far as its expenditure may be of advantage for her happiness, comfort and welfare ; and any unexpended balance to be annually added to the principal ; and after her arrival at the age of eighteen years, the net income of the said trust fund, and of all accretions and additions, shall be paid over once in every six months to the said Carrie Briggs Sargent during her natural life, upon her sole and separate receipt ; and upon her decease, leaving lawful issue surviving her, the said trust fund, and any balance of net income thereof, if any, shall be paid over to such issue, discharged from the said trusts ; namely, in equal portions to any child or children, if any, of said Carrie Briggs Sargent, and the issue, if any shall survive her, of any deceased child ; such issue taking the same share which the parent of such issue would have taken, if living, by right of representation. In case the said Carrie Briggs Sargent shall die leaving no children nor issue, or in case that neither she nor any child, children, nor issue of her shall survive me, then the said twenty-five thousand dollars, and all increase thereof, and any unexpended balance of income, shall go to my residuary legatee.

" Fourth. I give to my beloved mother, Mrs. Lucy A. Briggs, in token of my love and reverence for her, the sum of five thousand dollars.

"Fifth. I give to John Sargent, Joshua Sargent, Nathaniel Sargent and Sumner Sargent, brothers of my late beloved husband, and to his sister, Mrs. Miriam Carlton, the sum of one thousand dollars each.

"Sixth. I give to my nephew, Bodwell Sargent Briggs, two thousand dollars.

"Seventh. I give to my niece, Mrs. Lucy Ann Sargent Swan, one thousand dollars.

"Eighth. I give and bequeath to my sister, Mrs. Susan Maria Merriam, and to my brother, Francis Dean Briggs, two thousand dollars each.

"Ninth. I give and bequeath to my brother, Enos Briggs, all the rest, residue and remainder of all my property and estate of every description and wherever situated, or to which I may have any title or right at my decease, whether at law or in equity, to be taken, held and enjoyed by him and his heirs forever, in fee simple."

On March 5, 1866, the testatrix and her husband, Bodwell Sargent, who died July 28, 1866, adopted, by proceedings duly had in the Probate Court for the county of Suffolk, Carrie T. Briggs, being the same person called in the third article of the will Carrie B. Sargent, who was born on June 24, 1856, and was a daughter of Edward T. Briggs, a brother of the testatrix.

Enos Briggs, the residuary legatee, died on May 23, 1870, intestate, leaving a widow, but no issue. The testatrix died on February 18, 1875, leaving as her only heirs and next of kin a brother and a sister, and children of deceased brothers, unless Carrie B. Sargent became by adoption the sole heir at law and next of kin of the testatrix.

The residue of the estate of the testatrix, after payment of debts, legacies and expenses of administration, is of considerable amount, consisting partly of real and partly of personal estate.

The defendants' answers admitted the facts set forth in the bill to be true, and the case was reserved, on the pleadings, by *Endicott*, J., for the consideration of the full court.

*A. B. Coffin*, for the adopted child, was stopped by the court.

*G. Swan*, for the other defendants. 1. By the third clause, the testatrix has amply provided for the support and education of her adopted child, by giving her the income of $25,000 for life, care-

fully guarding against her having any control of the principal fund, and providing that in case the legatee should die without issue, before or after the testatrix, the legacy should go into the residue. By the ninth clause, her brother Enos, having no children, and his next of kin being her own by blood, and constituting the Briggs family, she gives the residue to him, and at his death, whether before or after her decease, to his heirs, as a class representing her own blood kindred. Contending such to be the intention and general scheme of the testatrix for the disposal of her estate, it is submitted that the word " heirs," at the close of the ninth clause, is not to be taken in its strict legal sense as a word of limitation, but as a word of purchase, designating the persons who are to take the residue upon the death of Enos Briggs. This is not the ordinary form of words of inheritance as such; the word " heirs " is inappropriate to the personal estate included in the residue, and makes the following words, " in fee simple," redundant. They are unnecessary as words of inheritance. Gen. Sts. c. 92, § 5. *Willcut* v. *Calnan*, 98 Mass. 75. *Lincoln* v. *Lincoln*, 107 Mass. 590. The word " and " may be construed " or " to effect the intent of the testatrix. *Ray* v. *Enslin*, 2 Mass. 554. *Parker* v. *Parker*, 5 Met. 134. *Carpenter* v. *Heard*, 14 Pick. 449. *Hunt* v. *Hunt*, 11 Met. 88. The rule in *Shelley's case*, construing the word " heirs " as a word of limitation and not of purchase, is abolished by the St. of 1791, c. 60, § 3. Gen. Sts. c. 89, § 12. The legal import of technical words, or words of limitation, is not to prevail against the intent of the testator, otherwise appearing in the will. *Homer* v. *Shelton*, 2 Met. 194, 198. The sense in which the word " heirs " is used is always open to inquiry, and to be construed according to the intention of the testator and his general scheme for the disposal of his estate. *Brimmer* v. *Sohier*, 1 Cush. 118. *Haley* v. *Boston*, 108 Mass. 576. *Sweet* v. *Dutton*, 109 Mass. 589. Every presumption is to be made against intestacy where a residue is given in terms by the will. The residuary clause ought not to be allowed to fail. A devise to the heirs of a third person designates not only the persons who are to take, but also the manner and proportions in which they are to take, that is, *per stirpes* and not *per capita*. *Balcom* v. *Haynes*, 14 Allen, 204. *Bassett* v. *Granger*, 100 Mass. 348. *Daggett* v. *Slack*, 8 Met. 450. *Holbrook* v. *Harrington*, 16 Gray, 102.

2. If the heirs of Enos Briggs take under the will *per stirpes*, Carrie B. Sargent, adopted in 1866, would not take by right of representation of her natural parent, as Enos Briggs died prior to the St. of 1871, *c.* 310, § 9. Gen. Sts. *c.* 110, §§ 7, 8.

3. A lapsed legacy falls into the residue ; but in this case it is contended that an entire residue shall lapse for the benefit of an adopted child otherwise amply provided for by a legacy in trust, most carefully guarded against her having any control or disposition of the principal fund ; and making the third clause of the will absurd by giving her a remainder after her own life estate, contingent upon her leaving no issue. There is no authority in any reported case for the lapse of an entire residue so conflicting with the intent of the testator, and with such a result.

4. The delay or omission of the testatrix to change her will after the death of Enos Briggs does not show that she intended her adopted child to take as her sole heir the residue, but rather that, having amply provided for her, she intended the residue to go to the heirs of Enos Briggs, who are also her own heirs and next of kin by blood. *Bowdlear* v. *Bowdlear*, 112 Mass. 184. *Davis* v. *Taul*, 6 Dana, 51.

5. If this residue lapses, it would not necessarily go to this adopted child as sole heir of the testatrix, if there is sufficient evidence in the will that the testatrix did not intend she should so take, but would go to the defendants designated as heirs of Enos Briggs, who are also her heirs and next of kin by blood. *Jackson* v. *Roberts*, 14 Gray, 546.

BY THE COURT. The residuary bequest was to Enos Briggs absolutely, and by his death, without issue, lapsed and went to the adopted child of the testatrix. *Sohier* v. *Inches*, 12 Gray, 385. *Kimball* v. *Story*, 108 Mass. 382. *Sewall* v. *Roberts*, 115 Mass. 262. St. 1871, *c.* 310, § 8. *Decree accordingly.*