# Russell *v.* Russell.

*Bill in Equity for Construction of Will.*

1. *Adopted child; statutory rights of.*—Under statutory provisions regulating the adoption of children (Code of 1876, § 2745; Code of 1886, § 2367), an adopted child is declared "capable of inheriting" the estate, real or personal, of the adopting parent; but the statute is confined to cases of intestacy, or property left undisposed of by will; and gives the adopted child no right to share with a child of the testator under the provisions of a will, devising property to the testator's "children," executed before the adoption, and not afterwards changed.

APPEAL from Mobile Chancery Court.
Heard before Hon. THOMAS W. COLEMAN.

OVERALL & BESTOR, for appellant.—The cardinal rule in the interpretation of wills, where there is any obscurity, is to discover the *intention* of the testator. And in order to throw light upon and to give form and shape to that intention, the circumstances which surrounded him at the time the will was made (in 1870) must be made known to the court.—*Kyle v. Bellinger*, 79 Ala. 516. In order to render an adopted child capable of taking under a will, he must be specifically named in the will. The statute of adoption (Code, § 2745), only makes him capable of inheriting if the adopted father should die intestate. But where there is a will disposing of the whole estate to persons *eo nomine*, or by class, in which he is not included, he can not take or claim anything from the estate by inheritance. As our own statute has fully provided for all the grounds and causes of revocation, we submit that no ground can be added to the statutory ground by implication or presumed intention. The controlling word in the statute of adoption and the act of adoption is the word "inherit." The act in terms makes the adopted child *capable* of "inheriting." Webster, title, word *inherit*, and all derivatives therefrom, means "to take by descent from an ancestor; to take as heir on the death of the ancestor; to receive as a right or title descendible *by law* from the ancestor at his decease; as the heir *inherits* the land or real estate of his father; the eldest son of a nobleman *inherits* his father's title; the eldest son of a king *inher-*

[Russell v. Russell.]

*its* the crown." "The quality of being inheritable or *descendable* to heirs."—Webster's Unabridged, title, *Inherit.* The articles of adoption, not being a will or a deed, can not be used to invest a child with title to property and to divest title out of others, except to·the extent only as authorized by the statute. If the statute had said that the articles of adoption made him the child of the testator, there might have been some plausibility in the argument. But as the statute only makes him capable of inheriting, which means that he becomes capable of taking as an heir if the adopted father dies intestate, we can not see that the court can enlarge the capacity by permitting him to take under a will which was made four years before he was born, and to include him in the word "children," which has always been held to mean the natural children of the testator born in lawful wedlock. Cited 1 Jarman on Wills, 663; *Wayne v. Walthall*, 37 Ala. 41; 36 Ala. 28; *Simmons v. Simmons*, 73 Ala. 235; 24 Ala. 108–9; *Burrage v. Briggs*, 120 Mass. 106; *Smith v. Ashurst*, 34 Ala. 208; *Sewell v. Roberts*, 115 Mass. 263; *Ross v. Ross*, 129 Mass. 264; *Schafer v. Enen*, 54 Penn. 304; 2 Redfield on Wills, 7, 19; 3 Jarman on Wills, 790–6; Code of 1876, §§ 2282, 2283, 2287; *Thompson v. McDonald*, 2 Devereux & Battle N. C. 479, 480; Code of 1876, § 2258; *Taylor v. Hartwell*, 65 Ala. 11; *Cohen v. Woolner*, 72 Ala. 233.

R. H. CLARKE, and JAMES W. GRAY, *contra.*—The question for consideration is whether the adopted child takes under the will as one of the testator's children. Its solution depends upon the construction given to section 2745 of the Code. It is a statute couched in very general terms, providing that a person desirous to adopt a child so as to make it capable of inheriting his estate, real and personal, shall make, acknowledge and file a certain declaration, which shall have "the effect to make such child capable of inheriting such estate of the declarant." It does not define more particularly the legal consequences resulting from the act of adoption. It is insisted for appellant that the statute goes no further than to make the adopted child an heir in case of intestacy, but is conceded that in such case he takes a child's part. Such concession abandons the narrow construction necessary to·sustain appellant's view. The statute nowhere declares in what capacity or degree the child shall inherit. He is simply made "capable of inheriting" the estate of the declarant. If he inherits in the same class with the child

born to the declarant, it is because "to adopt" places him upon the same footing, creates "the legal consequences and incidents of the natural relations of parents and children." The received import of a word furnishes the general rule for its interpretation in a public statute.—*Maillard v. Lawrence*, 16 Howard, 261. The import of the word "adopt" is well defined. "To take another's child as one's own."—Burrill's Law Dictionary, *Adoptio*. "The act creates certain relations of paternity and filiation."—Bouvier's Law Dictionary, *Adoption*. "To take into one's family as son and heir; to take and treat as a child, giving a title to the rights and privileges of a child."—Webster's Dictionary, *Adopt*. "The taking and treating of a stranger as one's own child."—*Ibid, Adoption*. Adoption is the taking or choosing of another's child as one's own.—Schouler's Domestic Relations, 314. Under the statue, a person adopting a child takes him as his own, makes him his son and heir, because such is the clear meaning of the word. Russell, the testator, clearly so understood it, declaring—as he did—that he took the boy as his "own child." The legislature had in view this established import when it enacted the statute, and therefore did not consider it necessary to declare such meaning. If the construction of appellant is adopted, we have Cyrus taken as Russell's own child, as his son and heir, and yet not embraced in the words "my children" used by Russell.—Cited *Sewell v. Roberts*, 115 Mass. 262; *Ross v. Ross*, 129 Mass. 243; Schouler on Wills, § 529; 2 Wms. on Ex'rs, marg. pp. 1089–90.

STONE, C. J.—In 1870, Thomas S. Russell made a will, duly executed, containing the following clause: "I give to my children two-thirds of all my personal and real estate." The remaining third he gave to his wife, Caroline V. The will disposed of his entire estate. At that time he had one child, Thomas E. Russell, about six or seven years old, and Mrs. Russell was *enciente*. She did not carry the child to a living birth, and gave birth to no other child.

In 1885, Thomas S. Russell, testator, adopted Cyrus George, an orphan, and had his name changed to Cyrus George Russell. The proceedings were in strict conformity to the statute.—Code of 1876, § 2745; Code of 1886, § 2367. The statutory provisions are: "Any person desirous to adopt a child, so as to make it capable of inheriting his estate, real and personal, or to change the name of one previously adopted,

may make a declaration in writing; * * * * which, being acknoweledged by the declarant before the probate judge of the county of his residence, * * * * has the effect to make such child capable of inheriting such estate of the declarant, and of changing its name to the one stated in the declaration."

Thomas S. Russell died in 1886. He had made no other will, nor had he changed the provisions of the will of 1870. The will was duly probated, and the question is, whether the adopted child, Cyrus George Russell, takes under the will.

If the word "inheriting" had been left out of our statute, we think it would probably be our duty to hold that an adopted child would take under the term "children." Adoption of children is "an act by which a person appoints as his heir the child of another."—Rap. & Law. Law Dic. "To receive and to treat as a son or daughter one who is the child of another."—Worcester Dic. "To take into one's family as son and heir; to take and treat as a child, giving a title to the privileges and rights of a child."—Webs. Dic. The Imperial Dictionary (Eng.) employs substantially both the definitions of Worcester and Webster. What we have intimated above, is the conclusion very clearly and satisfactorily reached by the Supreme Court of Louisiana, in *Vidal v. Cammagere*, 13 La. An. 516; Schouler's Dom. Rel. 314. The word "inheriting" is twice employed in our statute, and, it would seem, was placed there *ex industria*. The legislature did not deem it necessary to make any provision in case a will was made; for in such case, the testator usually directs in what manner his property shall go after his death. A will, unless it contravenes some provision of positive law, or some principle of public policy, is the law of the succession.

In interpreting a will, we may and should take into the account the surrounding state of things, as they existed when the will was made. This is not confined to the exact ascertained *status*, then existing and known. If may, and often does, extend prospectively, so as to embrace both subjects and objects not then in being, but which the law presumes were had in contemplation. Hence it is, that when a will does not specify all the property it disposes of, but purports to dispose of testator's entire estate, it carries under its devises and bequests, not alone the property owned at the time the will was made, but all acquired afterwards, and owned at testator's death. Hence it is, that a testamentary gift by a

parent to his or her children, without more specific designation, enures to the benefit, not only of children then *in esse*, but equally to those born afterwards. These canons of interpretation are founded on two presumptions: First, when a will has been made, the testator is presumed to have intended to dispose of his entire estate, unless the will shows a different intention. Second, when the will of a parent makes provision for children as a class, the law presumes all persons who fall within that class, when the will takes effect by the death of the testator, were had in contemplation, because, to all human appearance, all were equally the objects of his or her solicitude and bounty.—Schouler on Wills, §§ 466, 467, 469, 490, 529; 1 Redf. Wills, \*386; 2 *Id.* \*7; 2 Wil. Ex'rs. 1171; *Hollingsworth v. Hollingsworth*, 65 Ala. 321.

Does the word inheriting (verb, to inherit), change the interpretation we must give the statute? We think it does. Without the statute, Cyrus George Russell can claim nothing under the will. Though by adoption he is treated "as a child," he is not the child of the testator, and, it is manifest, he was not in contemplation when the testator made his will. *Com. v. Nancrede*, 32 Penn. St. 389; *Schafer v. Eneu*, 54 *Id.* 304; *Thompson v. McDonald*, 2 Dev. & Bat. Eq. 463. The statute enables him to *inherit* from him by whom he was adopted, because the statute says so; not because he is the child of the decedent. He is not Mrs. Russell's child, even by adoption. He has no right of inheritance from her. He is not the brother of Thomas E. Russell, and if the latter were to die, intestate, he would not inherit from him. All the rights he has are given him by the statute, and that confers nothing but a mere right of inheritance—to share in the estate of Thomas S. Russell, left undisposed of by will.

The conclusion we have reached probably presents a great hardship; for there are circumstances tending to show that Thomas S. intended to place the child of his adoption on a level with his own child. He failed to so change his will, or to take other steps necessary to carry out such intention, if he had it. He likewise failed to take the requisite steps to revoke his will.—Code of 1876, §§ 2282, 2296; Code of 1886, §§ 1953, 1968. Even a known wish or intention of the testator can avail nothing, if he failed to take the legal steps necessary to carry it into effect.—*Sherrod v. Sherrod*, 38 Ala. 537; *Manigault v. Deas*, 1 Bailey's Eq. 302.

The Massachusetts statute is much more comprehensive than ours. It confers on the adopted child, not only the

right of inheritance, but "all other legal consequences and incidents of the natural relation of parents and children, the same as if he had been born to them in lawful wedlock." There is an exception, but it does not affect this case. Their decisions shed no light on the interpretation of our statute. *Sewall v. Roberts*, 115 Mass. 262; *Burrage v. Briggs*, 120 Mass. 103; *Ross v. Ross*, 129 Mass. 243.

The decree of the chancellor is reversed, and a decree here rendered, declaring that Cyrus George Russell takes nothing under the will of Thomas S. Russell.