ELLA JOHNSON WOODCOCK,
Appellant from Decree of Judge of Probate.

Waldo. Opinion Nov. 26, 1907.

*Wills. Devise over. Adopted Child. R. S., 1883, chapter 74, section 10.*

Where a testator devises property to his own child by blood and then over
to the "child or children" of that child, if any, otherwise to others of the
testator's blood, a child of the latter by legal adoption only is not included
and takes nothing under the will, even though adopted before the making
of the will.

On report.    Decree of Probate Court affirmed.

The appellant, Ella Johnson Woodcock, is the alleged daughter
by adoption of Horatio H. Johnson, late of Belfast, deceased
intestate.    The alleged adoption was in 1882.

The mother of said Horatio H. Johnson, Ann F. Johnson, died
July 24, 1891, leaving a will dated Feb. 6, 1890, containing,
among other things, two items reading as follows:

"2nd.    I give, devise and bequeath unto my daughter Mary F.
Johnson for and during the term of her natural life, the use and
income of all the rest, residue and remainder of my estate, real,
personal or mixed wherever found or however situated, after paying
the taxes and insurance thereon, and other necessary incidental
expenses pertaining thereto.

"3rd.    Upon the decease of my said daughter Mary, without a
child or children, I give and devise the balance of my estate then
remaining unto my following named three children, Arbella Hersey,
Horatio H. Johnson and Charles E. Johnson equally, and in case
either of my said three children shall die before said Mary, leaving
a child or children, then it is my will and desire and I do hereby
devise and bequeath that the child or children of said deceased
child shall receive the same share as its or their parent would have

received if living. And in case my said daughter, Mary, shall die leaving a child or children then it is my will and I do hereby devise and bequeath that the said child or children of said Mary shall receive the same share of my estate then remaining as either of my own children shall receive or would receive if living."

The said Mary F. Johnson named in said will, died July 21, 1906, without issue. The said Arbella Hersey named in said will, died April 21, 1895, leaving two children, Ralph W. Hersey and Edward J. Hersey. The said Charles E. Johnson named in said will, is still living. The said Horatio H. Johnson named in said will, died August 4, 1896, without issue.

Robert F. Dunton, of Belfast, was duly appointed "administrator de bonis non with will annexed" of the estate of said Ann F. Johnson, and on the petition of the said Charles E. Johnson representing that there was in the hands of said administrator the sum of $9000 for distribution among the persons legally entitled to the same, the Judge of Probate decreed that this sum should be distributed as follows: To said Charles E. Johnson $4,500. To said Ralph W. Hersey and Edward J. Hersey the sum of $2,250 each. From this decree, the said Ella Johnson Woodcock, who claimed the share that the said Horatio H. Johnson would have taken had he survived his said sister Mary F. Johnson, took an appeal.

The appeal was heard at the April term, 1907, of the Supreme Judicial Court, Waldo County, and at the conclusion of the evidence it was agreed that the cause be reported to the Law Court for decision, with the stipulation that "upon so much of the evidence as is legally admissible the court is to enter such judgment as the legal rights of the parties require."

Certain questions in relation to the legality of the alleged adoption of the said Ella Johnson Woodcock by the said Horatio H. Johnson were raised by the defendants, but for the purposes of the the case, the Law Court assumed the adoption to be valid.

The case sufficiently appears in the opinion.

*Wm. P. Thompson*, for plaintiff.

*Dunton & Morse*, for defendants.

SITTING: EMERY, C. J., WHITEHOUSE, SAVAGE, PEABODY, SPEAR, CORNISH, JJ.

EMERY, C. J.    Ann F. Johnson in February, 1890, made her will which contained among others the following provision, viz:.

"3d.    Upon the decease of my said daughter Mary without a child or children, I give and devise the balance of my estate then remaining unto my following named three children, Arbella Hersey, Horatio H. Johnson and Charles E. Johnson equally, and in case either of my said three children shall die before said Mary, leaving a child or children, then it is my will and desire and I do hereby devise and bequeath that the child or children of said deceased child shall receive the same share as its or their parent would have received if living."

The testatrix died in 1891.    Horatio H. Johnson, her son named in the will, died in 1896 before the daughter Mary, who died in 1906.    Horatio left no child of his blood, but did leave a child by adoption, the appellant Ella, who was adopted under a decree of the Probate Court in 1882, previous to the making of the will. For the purpose of this opinion that decree is assumed to be valid.

The question is whether the appellant Ella takes the share Horatio H. Johnson would have taken had he survived his sister Mary.    In other words the question is whether the words "child or children" as used by the testatrix in the clause of her will above quoted includes a child by adoption and not of the blood.

Where one makes provision for his own "child or children," by that designation, he should be held to have included an adopted child, since he is under obligation in morals if not in law to make provision for such child.    Thus in *Virgin, Exr.,* v. *Marwick,* 97 Maine, 578, where the proceeds of a life insurance policy were made payable to the insured's "surviving children," an adopted child, though adopted after the date of the policy, was held to be within its provisions.    See also *Martin* v. *Ætna Life Ins. Co.,* 73 Maine, 25.    On the other hand in statutes exempting children from an inheritance tax, an adopted child is not included in the term "child."    In re *Miller's Estate,* 110 N. Y. 216.    *Commonwealth*

v. *Nancrede*, 32 Pa. St. 389.   In the latter case the court said:
"Giving an adopted son a right to inherit does not make him a son
in fact."

When in a will provision is made for "a child or children" of
some other person than the testator, an adopted child is not included
unless other language in the will makes it clear that he was intended
to be included, which is not the case here.   In making a devise over
from his own children to their "child or children" there is a pre-
sumption that the testator intended "child or children" of his own
blood, and did not intend his estate to go to a stranger to his blood.
Blood relationship has always been recognized by the common law
as a potent factor in testacy.   In this case, Ella, the adopted child
of Horatio, however fully his child in law was not the grandchild of
Horatio's mother, the testatrix, was not in any way related to her,
was a stranger to her blood.   The testatrix was under no sort of
obligation, moral or family, to make any provision for her.   We do
not think it clear from the terms of her will that she intended
Horatio's share to go out of the blood to a child by adoption only,
and hence we hold that Ella, who was only a child by adoption,
does not take anything under the will.   *Russell* v. *Russell*, 84 Ala.
48.   *Schafer* v. *Eneu*, 54 Pa. St. 304.

The appellant cites *Warren* v. *Prescott*, 84 Maine, 483, where it
was held that an adopted child was within the meaning of the words
"lineal descendants" in the statute, R. S., 1883, ch. 74, sec. 10,
and as such would prevent a legacy lapsing, where a legacy was
bequeathed to his adopted parent by a relative and the legatee died
before the testator.   That case, however, was one of the construc-
tion of the words "lineal descendants" in a statute.   It is not appli-
cable to this case which is one of the construction of the words
"child or children" in a will.   In this case, too, the legatee Horatio
did not die before his mother the testatrix, and there is no question
of lapsing of legacy but simply one of who takes the legacy.

> *Decree of Probate Court affirmed with costs.*
> *Case remitted to the Probate Court.*