Lichter v. Thiers, 139 Wis. 481.

LICHTER, Respondent, vs. THIERS, by guardian *ad litem,* Appellant, and others, Respondents.

*April 22—May 11, 1909.*

*Wills: Construction: Title devised: Codicil: "Other disposition:" Beneficiaries: Adopted children: Status: Remainder to "children" of devisee: Assignment of estate.*

1. A will devising to a granddaughter of the testator a life estate, remainder to her children and descendants of such, in case there were children or their descendants at the time of her death, with a power in trust to terminate the contingent remainder in her discretion, by conveying the property to such children, or any of them, upon the happening of a specific event, and with a further power in trust to dispose of the remainder by will to whomsoever she might see fit, in case of her decease leaving no children or descendants of children, supplemented by a codicil providing that in case the granddaughter died childless or without descendants of children, and making no will or other *disposition* of the property, it should go to a nephew of testator's wife, indicates an intention of the testator that the property should not go to strangers of his blood, without choice on his part, and hence the title of the granddaughter is not enlarged by the codicil, while the power in respect to such title is restricted.

2. Sec. 4024, Stats. (1898), relating to the status of adopted children, while it may aid in discovering the meaning of a will which is obscure, cannot control or defeat its true construction.

3. Every person of mature years and of sound mind may make a will, and having made one, legally, the law, written or unwritten, cannot unmake it or change it by injecting into it something the testator did not intend.

4. Whether or not a will in favor of the children of any particular person means adopted children as well as children of the blood depends upon the intention of the testator, and adopted children may be included or excluded according to circumstances.

5. A will devising lands for life to a young unmarried granddaughter, remainder to her children or their descendants living at her death, followed in about one month by a codicil devising, in case the granddaughter died childless, the property to testator's relation by marriage, repels the idea that an adopted daughter of the granddaughter is a child within the calls of the will.

6. The assignment of an estate in the ordinary closing order assigning property according to the terms of a will does not operate to enlarge or abridge the rights of devisees who take by virtue of the will.

APPEAL from orders of the circuit court for Kenosha county: E. B. BELDEN, Circuit Judge. *One order reversed; the others affirmed.*

Action to quiet title.

The complaint was to this effect: June 26, 1885, John Lamb and Anna, his wife, conveyed to William Stanbridge a life estate in certain real estate, specified, of which said John Lamb was owner in fee. Subsequently both grantors died, said John Lamb leaving a will, executed July 20, 1885, with a codicil subsequently executed, which were duly proved and probated in the county court of Kenosha county, Wisconsin, in which county the land in question was located and the testator lived at the time of his death. Judgment was rendered in the probate proceedings assigning the land in accordance with the will, February 3, 1887. Except for the conveyance aforesaid, John Lamb owned the real estate at the time of his death. He disposed of the same by will at first, as follows:

"I give and devise to Mary Elizabeth Lamb Stanbridge all the residue and remainder of my estate wherever the same may be situate, to be by her used and enjoyed during her natural life, and upon her decease, the same to be equally divided among her living children and the heirs of those children which may have deceased by right of representation, if she shall have had such children or descendants of children and they shall be living at her death—with power as soon as the eldest child shall arrive at the age of twenty-one years— or at any time thereafter, to alienate and dispose of the whole or any part of the remainder over after the determination of the life estate, in favor of such child or children in equal or unequal parts in her discretion and thus divest the contingent remainders. And further in the discretion of said Mary Elizabeth Lamb Stanbridge, devisee of the life estate in the prem-

ises, in the contingency that she shall leave no child or descendants of children living at her death, to have power to dispose of the whole of such estate by will to any party or persons she may choose or prefer subject to the bequests hereinafter named."

He referred to the same matter in the codicil, thus:

"In the event of my granddaughter Mary Elizabeth Lamb Stanbridge dying childless or having no heirs by right of representation and making no will or other disposition of the property hereinafter referred to in this codicil, I give, devise and bequeath the property my said granddaughter had the power of disposing of by will under the above will but should have failed to do so, to my nephew (by marriage) now a resident gentleman farmer of Herefordshire, England, John Stephens or John Taylor Stephens, son of John Taylor Stephens, formerly of Shobden, Herefordshire, England, tanner and farmer, and Jane Stephens, his wife, *née* Jane Turner, of Kington, Herefordshire, aforesaid, said property to become the property of my said nephew John Stephens and his heirs in fee simple."

William Stanbridge and John Taylor Stephens are dead. Mary Elizabeth Lamb Stanbridge is now the wife of *Louis M. Thiers* and known as *Elizabeth S. Thiers.* On March 10, 1887, she, without covenants of warranty, deeded her interest in the property in question to William Stanbridge, who, October 7, 1905, by deed with full covenants, conveyed the land to plaintiff. The conveyance last made was intended by both parties thereto to pass full title in accordance with the terms of the instrument and the transaction was supported by an adequate consideration. Plaintiff has been in the actual occupancy of the land since the date of his deed. All instruments were duly recorded. Defendant *Elizabeth S. Thiers,* notwithstanding the facts aforesaid, claims to have power to devise the property in question, and defendant *Natalie Thiers* claims to have a vested remainder therein.

Defendant *Natalie Thiers,* by way of defense and counterclaim as well, answered to the effect: that she is an infant

represented by her guardian *ad litem;* that December 9, 1896, she became, and ever since has been, the duly adopted child of defendants *Elizabeth S. Thiers* and *Louis M. Thiers,* and, as regards property rights, has the status of a child of their blood under sec. 4024, Stats. (1898), and that she is their only child, and as such answers the call for a child of said *Elizabeth S. Thiers,* so far as whether the latter is childless or not affects the title to the real estate in question under the will of John Lamb, deceased.

The facts stated by the defendant *Natalie* were pleaded against her codefendants as well as against the plaintiff.

Defendants *Elizabeth S. Thiers* and *Louis M. Thiers* demurred to the complaint for insufficiency and likewise demurred to the adverse claim of their codefendant *Natalie.* Plaintiff demurred, for insufficiency, to the counterclaim. The first was overruled and the other two sustained.

There was an appeal by defendant *Natalie* from each of the adverse rulings as to her, and an appeal by her codefendants from the adverse ruling as to them.

For the plaintiff there was a brief by *Quarles, Spence & Quarles,* attorneys, and *Louis Quarles,* of counsel, and oral argument by *Louis Quarles.*

For the defendants *Elizabeth S.* and *Louis M. Thiers* there was a brief by *Peter Fisher.*

*Thomas M. Kearney,* guardian *ad litem,* for the defendant *Natalie Thiers.*

MARSHALL, J.    It is plain that under the will of July 20, 1885, subject to some possible burdens which are immaterial to this case, John Lamb devised to his granddaughter, defendant *Elizabeth S. Thiers,* spoken of in such will as Mary Elizabeth Stanbridge, a life estate in the realty in question, after the termination of a preceding life estate conveyed to her father, William Stanbridge,—which is also immaterial to this case, the same having terminated by his death,—remain-

der over to her children and descendants of such, in case of there being any such children or descendants at the time of her death, with a power in trust to terminate the contingent remainder, in her discretion, by conveying the property to such children, or any of them, upon the happening of a specified event, and with a further power in trust to dispose of the remainder by will to whomsoever she might see fit, in case of her decease leaving no children or descendants of children.

The learned trial court regarded the codicil as having been intended to change the qualified title of *Elizabeth* to an absolute title and that such intention is indicated, clearly, by use of the words "and making no will or other *disposition* of the property," etc., the idea being that the primary testamentary idea was to vest power in *Elizabeth,* in case of her dying childless, to dispose of the property by will, whereas the codicil recognized a right to make disposition thereof generally.

We are unable to read the meaning suggested out of the codicil. The testator recognized the possibility of *Elizabeth* dying childless and leaving no descendants of children, a condition definitely provided for before, also the possibility of her having children and terminating the estate in remainder, in whole or in part, by a conveyance, or conveyances, as provided in the will, which disposition is quite clearly the event referred to by the words of the codicil, "or other disposition," and then guarded against the possibility of the property going to strangers of his blood, without choice on his part, for want of great-grandchildren or descendants thereof to take, by devising the remainder over to his nephew by marriage, residing in England, and his heirs. To so guard against such possibility seems to have been the sole purpose of making the codicil, and the intention in that regard is too clearly expressed to leave any reasonable doubt about it. The result is that the title of *Elizabeth* was not enlarged by the codicil, while power in respect to such title was materially restricted. So the de-

murrer of the defendants *Elizabeth S.* and *Louis M. Thiers* to the complaint should have been sustained.

Whether the demurrer of the *Thierses* to the cross-complaint of *Natalie Thiers* and that of the plaintiff to the same matter were properly sustained depends upon whether *Natalie,* as the child of her codefendants by adoption, is a child of *Elizabeth,* within the meaning of the will.

Counsel for appellants rely on sec. 4024, Stats. (1898), relating to the status of adopted children, as if such section were controlling instead of being, as regards a case of this sort, as it in fact is, at best a mere aid in construing. One must always look to the will to be construed to determine its meaning, having due regard to the existence of any statute or legal principle of the unwritten law or other circumstance which the testator may have had in mind at the time of expressing his testamentary wishes, which will aid in reading the language from the standpoint of the testator when he used it. As we have said, rules of law may aid in discovering the meaning of a will which is obscure, but they cannot control or defeat it, except in case of its being in violation of law so as to leave the property involved intestate. In other words, it is given to every person of mature years and of sound mind to make a will, and he having made one, legally, the law cannot unmake it or change it by injecting into it something the testator did not intend to put there. *In re Moran's Will,* 118 Wis. 177, 96 N. W. 367.

The statute upon which appellant so implicitly relies provides that an adopted child "shall be deemed for the purposes of inheritance and succession by such child . . . and all other legal consequences and incidents of the natural relation of parents and children the same to all intents and purposes as if the child had been born in lawful wedlock of such parents by adoption, excepting that such child shall not be capable of taking property expressly limited to the heirs of the body of such parents. . . ." Sec. 4024, Stats. (1898).

The law is the same, as here, in Maine, Alabama, Pennsylvania, Rhode Island, Indiana, Illinois, California, and many other states, and was also the same in Massachusetts originally, and is so now, as regards the question in hand. This court first discussed the general features of the statute at length in *Hole v. Robbins,* 53 Wis. 514, 10 N. W. 617. It was there held that the purpose thereof was to give the adopted child the same rights as against his adopted parents as to disposition of property by the law as those possessed by a child of the parents born in lawful wedlock, and to go no further as to property rights; that it does not change the law respecting disposition of property of intestate adopted children, or children of the blood of the adopted parents, by making the parents heirs of the adopted child, or such child an heir of his brothers or sisters by adoption of them as his heirs. The court referred to *Barnhizel v. Ferrell,* 47 Ind. 335; *Comm. v. Nancrede,* 32 Pa. St. 389; and *Schafer v. Eneu,* 54 Pa. St. 304, and recognized that the Massachusetts court in *Sewall v. Roberts,* 115 Mass. 262, 276, and *Burrage v. Briggs,* 120 Mass. 103, in principle, went somewhat further, but that later it was appreciated, apparently, that further legislation was necessary to give an adopted child a different status than the one indicated by this court, independently of a disposition of property by will.

The statute does not cut any figure as to an adopted child taking under the will of the adopted parents or under a will from another person to such parents with remainder over to children of such parents, except as it may explain what the testator had in mind by the use of the term "child" or "children."

We do not overlook *Parsons v. Parsons,* 101 Wis. 76, 80, 77 N. W. 147, to the effect that the statute should be liberally construed in favor of adopted children, or *Glascott v. Bragg,* 111 Wis. 605, 610, 87 N. W. 853, to the effect that the adoption of a child has the same effect upon a will made by the

parent prior thereto as the subsequent birth of a child.   The
latter case has nothing to do with the right of an adopted
child to take under a will of the parent where he is not men-
tioned therein or thought of by the testator in the preparation
of the instrument, but deals with his right according to the
presumed intention of the parent that the property shall be
regarded as intestate respecting the child by adoption, noth-
ing appearing efficiently to the contrary.   The statute does
not, necessarily, affect the disposition of property by will of a
person having an adopted child or by a will in favor of the
parent.   Here it must be remembered, if the adopted child
takes at all, it is not under the adopted parent by inheritance
or succession or even by will of such parent, but under the
will of such parent's father, John Lamb.

Now whether a will in favor of the children of any par-
ticular person means adopted children as well as children of
the blood of such person, depends upon just what the testator
intended, and that may include or exclude adopted children
according to circumstances.   There is no very arbitrary rule
on the subject, except that the testator's intent must govern.

The authorities are not entirely in harmony.   The follow-
ing, in addition to those heretofore referred to, bear more or
less helpfully on the question: *Palairet's Appeal,* 67 Pa. St.
479; *Warren v. Prescott,* 84 Me. 483, 24 Atl. 948; *Lyon v.
Lyon,* 88 Me. 395, 34 Atl. 180; *Virgin v. Marwick,* 97 Me.
578, 55 Atl. 520; *Woodcock's Appeal,* 103 Me. 214, 68 Atl.
821; *Russell v. Russell,* 84 Ala. 48, 3 South. 900; *Butter-
field v. Sawyer,* 187 Ill. 598, 58 N. E. 602; *Wyeth v. Stone,*
144 Mass. 441, 11 N. E. 729; *Blodgett v. Stowell,* 189 Mass.
142, 75 N. E. 138; *Bray v. Miles,* 23 Ind. App. 432, 54 N.
E. 446, 55 N. E. 510; *Hartwell v. Tefft,* 19 R. I. 644, 35
Atl. 882; *Olney, for an opinion,* 27 R. I. 495, 63 Atl. 956.

All such authorities, and many others that might be re-
ferred to, are in harmony with the statement in *Russell v.
Russell,* 84 Ala. 48, 3 South. 900, that the statute, so far as
conferring rights is concerned, in the field under discussion,

deals with intestacy, and that otherwise it creates a condition bearing more or less according to circumstances upon the meaning of the words "legal heir," "children," "issue," and the like, in wills. We will say in passing, though it does not have particularly to do with the questions here, that *Barnhizel v. Ferrell,* 47 Ind. 335, mainly relied on by this court in *Hole v. Robbins,* 53 Wis. 514, 10 N. W. 617, was overruled in *Davis v. Krug,* 95 Ind. 1, 10, and *Humphries v. Davis,* 100 Ind. 274, 279.

The following are directly in point here:

In a devise to a married woman, remainder over to her children, an adopted child does not take in remainder in the absence of some clear indication that such was intended, by circumstances other than the mere use of the term "children." *Schafer v. Eneu,* 54 Pa. St. 304.

In a devise to a child of the testator's own blood, remainder over to a child or children of that child, if any, otherwise to others of the testator's blood, the word "child" or "children" of the first taker does not include an adopted child. *Woodcock's Appeal,* 103 Me. 214, 68 Atl. 821.

A devise to a trustee for the benefit of the testator's wife during life, remainder over to his adopted daughter, contingent upon her predeceasing the wife leaving no issue, in which case remainder to the heirs at law of the wife, an adopted child of the adopted daughter, left by her on her predeceasing the wife, does not satisfy the call of the will for issue of such adopted daughter so as to intercept the passing of the property to such heirs at law. *Wyeth v. Stone,* 144 Mass. 441, 11 N. E. 729.

In a will devising and bequeathing property in trust for the benefit of the testator's son for life, remainder in part over to his issue in case of his leaving such, otherwise to his heirs by right of representation, a child of the son by adoption, thirty-six years after the making of the will, does not come under the call of the will for issue of the son. *Blodgett v. Stowell,* 189 Mass. 142, 75 N. E. 729.

The last two cases are significantly in point since they are from Massachusetts, the state from which it is supposed our statute was borrowed, and were decided long subsequent to

*Sewall v. Roberts,* 115 Mass. 262, upon which counsel for appellant rely with confidence.

In some of the authorities referred to, particularly *Woodcock's Appeal,* the pretty arbitrary rule of construction was adopted that in all cases where "one makes provision for his own child or children by that designation he should be held to have included an adopted child," but where one makes provision "for 'a child or children' of some other person than the testator, an adopted child is not included unless other language in the will makes it clear that he was intended to be included. . . . In making a devise over from his own children to their 'child or children' there is a presumption that the testator intended 'child or children' of his own blood. . . ."

We do not need to adopt or reject that rule for the purposes of this case. Where the first taker or parent named has already an adopted child or such and other children, or has an adopted child and the time of life is past for bearing children, the inference might be that the adopted child was intended to be the beneficiary, or one of them, while if the parent, present or prospective, mentioned, is a young person who would ordinarily be expected to have children, the inference might be the other way.

Here the fact that *Elizabeth* was quite a young unmarried girl at the time the will was made, and at the time the testator died, rather repels the idea that her grandfather, in providing for the remainder after the termination of her life estate should go over to her child or children, if living, thought of great-grandchildren in any other sense than issue of her blood. That is much emphasized by execution of the codicil after the lapse of only about one month, making provision, in case of the granddaughter dying childless, for the property to go to a relative of his, by marriage, in England, instead of her being left free to dispose of the same by will to some person in whom he had no interest and who had no claims upon his bounty. Thus the construction of the will by the trial court we find correct, and the demurrers to the

counterclaim to have been properly sustained. However, we recognize that the claim of the appellant is not entirely without authority to support it in the cases cited, but the great weight of authority and the better reasoning, in our opinion, support our conclusion.

The assignment of the estate in the probate proceeding to Mary Elizabeth Stanbridge we do not consider cuts any figure in the case. It was the ordinary closing order assigning the property according to the terms of the will.

The result leaves the rights of all contingent beneficiaries under the will, who did not appear, unaffected by the determination appealed from. The interest of the plaintiff in the property is limited to just what was conveyed to him, as herein indicated.

*By the Court.*—The order overruling the demurrer to the complaint is reversed and the court below is directed to sustain such demurrer. The orders sustaining the demurrers to the counterclaim are affirmed, and the cause is remanded for further proceedings according to law.