WILL OF MITCHELL: YOUNG and another, Appellants, v. FIRST WISCONSIN TRUST COMPANY, Trustee, and another, Respondents.

*No. 45. Argued March 1, 1971.—Decided March 30, 1971.*
(Also reported in 184 N. W. 2d 853.)

500

For the appellants there were briefs by *Churchill, Duback & Smith* of Milwaukee, and oral argument by *Paul H. Duback.*

For the respondent Harriet Y. Pillsbury there was a brief by *Brady, Tyrrell, Cotter & Cutler,* attorneys, and *Patrick W. Cotter, Samuel J. Recht,* and *Henry J. Loos* of counsel, all of Milwaukee, and oral argument by *Mr. Loos.*

HEFFERNAN, J. Only one question is presented on this appeal, and that is whether the testatrix intended the word, "issue," as used in her will to include children adopted after her death. The construction of words in a will is to be resolved by the meaning the testatrix gave them when she used them in her will. *Will of Adler* (1966), 30 Wis. 2d 250, 140 N. W. 2d 219; *Estate of Breese* (1959), 7 Wis. 2d 422, 96 N. W. 2d 712. The intention will be determined from the language of the will, together with any surrounding or extrinsic circumstances known to the testatrix at the time of the execution of the will. *Estate of Boerner* (1970), 46 Wis. 2d 183, 174 N. W. 2d 457; *Will of Adler, supra; Estate of Breese, supra;* 4 Page, *Wills* (Bowe-Parker Rev.), pp. 51, 52, sec. 30.8. The status of the law, both statutory and decisional, at the time of the will's execution is an extrinsic circumstance to be considered, and the testator is presumed to know both the statutory and case law. *Will of Adler, supra; Estate of McDonald* (1963), 20 Wis. 2d 63, 121 N. W. 2d 245; 4 Page, *Wills, supra,* p. 166, sec. 30.27.

The language of the will gives no clue as to the testatrix' intention, and the only circumstances of record surrounding the execution of the will are the undisputed

fact that the will was drafted by the testatrix herself and that it was approved by her attorney prior to execution. In addition, the adopted children were not in being at the time of the execution of the will.

We are thus obliged to rely upon the statutory and case law in effect at the time of the will's execution to determine the testatrix' intent, for it is assumed, in the absence of other compelling circumstances, that the meaning the testatrix placed upon words used in her will was identical with the approved legal meaning at that time. The statute in effect on the date of the will's execution was sec. 4024, Stats. of 1917:

"A child so adopted shall be deemed, for the purposes of inheritance and succession by such child, custody of the person and right to obedience by such parents by adoption, and all other legal consequences and incidents of the natural relation of parents and children the same to all intents and purposes as if the child had been born in lawful wedlock of such parents by adoption, excepting that such child shall not be capable of taking property expressly limited to the heirs of the body of such parents. . . ."

The leading case interpreting this statute was *Lichter v. Thiers* (1909), 139 Wis. 481, 121 N. W. 153. *Lichter v. Thiers* interpreted the identical statute, sec. 4024, Stats. of 1898. In that case, the testator devised his entire estate to Mary Elizabeth Lamb Stanbridge for life, with the remainder to be divided among her children living at the time of her death. The will also gave her power to appoint the remainder to any or all of her children in whatever proportion she chose and thus divest the contingent remainders when her eldest living child reached twenty-one years of age. If she died without children, she had the power to appoint the estate by will. A subsequent codicil to the will provided for a gift over to the testator's nephew in England if Mary died child-

less without a will and without making some other disposition of her estate. During her lifetime Mary conveyed her interest to another, who purported to convey the fee to the plaintiff. The plaintiff brought a quiet-title action, and Mary's daughter, whom she had adopted several years after the testator's death, alleged that she had an interest in the estate. Mary had no other children. This court affirmed the trial court's holding that the testator did not intend to include adopted children when he devised the remainder of the estate to Mary's "children" who were living at her death.

*Lichter* has subsequently been interpreted by this court in the *Estate of Uihlein* (1955), 269 Wis. 170, 68 N. W. 2d 816. We said that *Lichter* represented the application of the following general rule:

"It is quite generally held by the courts, including that of Wisconsin, as we shall point out, and stated by the text writers, that when, in a will, provision is made for the child of some person other than testator and a child is adopted by that person after the death of testator, the adopted child is not, in the absence of contrary compelling circumstances, entitled to share in a gift to children or issue of the third person." *Uihlein, supra,* page 176.

The appellants in the instant case argue that *Lichter* does not stand for that proposition and that, if it does, *Lichter* was improperly decided. Assuming appellant is correct, and that *Lichter* was improperly decided, it nevertheless was the law of the state of Wisconsin at the time Harriet D. Mitchell executed her will, and we will not, sixty years later in a case of this nature, re-examine that holding. Suffice it to say that our reading of the case in no way supports the appellants' conclusion that the court erred in *Lichter*.

We are also satisfied that the holding of *Lichter* and its rationale have been properly interpreted in subsequent cases, such as *Uihlein, supra,* and *Adler, supra.* The court in *Lichter* said that the mere fact that the

granddaughter therein was unmarried and childless at the time the will was executed and at the time the testator died repels the conclusion that reference to her children included adopted children. We could only have reached this conclusion by adopting the general rule that, absent contrary compelling circumstances, an adopted child is not entitled to share in a gift to the "children" of the granddaughter.

As support for the proposition that *Lichter* was improperly decided, appellants rely on an article appearing in 9 Illinois Law Review (1914), page 149, wherein the author, Professor Arthur M. Kales, in discussing *Rights of Adopted Children,* states that the proper rule is that the words, "children" or "issue," in a will executed while the general adoption act was in force, and even though the execution of the will was by someone other than the adopting parent, include a person who obtains by adoption the legal status of "child" or "issue." Professor Kales concludes that the Wisconsin court in *Lichter* decided, though improperly in his opinion, to the contrary. Without analyzing Professor Kales' argument, which attempts to show the incorrectness of the rationale of *Lichter,* it is nevertheless apparent that he placed the same interpretation upon that case as was subsequently placed upon it in *Uihlein, supra,* and *Adler, supra.*

In *Uihlein, supra,* the facts are very similar to those of the instant case, and we concluded that the statute, sec. 322.07, Stats. of 1941, which was very similar to the provisions of the statute in the instant case, dealt only with the right of an adopted child to take under the laws of descent and distribution and did not affect the right of an adopted child to take under a will.

Accordingly, even in the absence of the holding in *Lichter,* it would appear, in view of the interpretation placed upon an almost identical statute in *Uihlein,* we would be obliged to conclude that, at the time that Harriet D. Mitchell executed her will, there was no right

for afterborn adopted children of the testatrix' grandson to take under the will.

Appellants also argue that we should emphasize the current legal policy of the state of Wisconsin as set forth in *Estate of Breese, supra,* and *Will of Adler, supra,* which favors the treatment of an adopted child in the same manner as natural children are treated with respect to both adopting parents and third parties. We have, however, in these cases specifically pointed out that during the period when Harriet D. Mitchell's will was executed, the statutes made no such provisions and the policy of the common law was to the contrary.

The object of a court in construing a will is to ascertain the testator's intent at the time it was executed. Accordingly, the current statutory law and public policy is irrelevant. We are satisfied that the interpretation placed upon *Lichter* in the *Uihlein Case* was the only interpretation that could properly be placed upon it at the time the will of Harriet D. Mitchell was executed. It constituted the established law of the state of Wisconsin which Harriet D. Mitchell was presumed to know. The rule of *Lichter* was, accordingly, stare decisis in the state of Wisconsin from the date of its mandate; and even were it incorrect, we would not now depart from it in interpreting the intentional conduct of those who are presumed to rely upon it. *Gottlieb v. Milwaukee* (1967), 33 Wis. 2d 408, 147 N. W. 2d 633; *Estate of King* (1965), 28 Wis. 2d 431, 137 N. W. 2d 122; *Wilcox v. Wilcox* (1965), 26 Wis. 2d 617, 133 N. W. 2d 408.

*By the Court.*—Judgment and order affirmed.