IN RE FORTWIN TRUST: HAMILTON, Appellant, v. FORSTER, Guardian, Respondent.

*No. 172. Submitted under sec. (Rule) 251.54 January 5, 1973.—Decided January 30, 1973.*
(Also reported in 203 N. W. 2d 711.)

For the appellant the cause was submitted on the briefs of *Whyte, Hirschboeck, Minahan, Harding & Harland, S. C.,* attorneys, and *Herbert C. Hirschboek* and *Anthony W. Asmuth III* of counsel, all of Milwaukee.

For the respondent the cause was submitted on the brief of *Foley & Lardner* and *Steven E. Keane* and *Keith A. Christiansen,* all of Milwaukee.

HANLEY, J.   Two issues are presented on this appeal:

1. Did the trial court err in finding that the undefined word "issue" as used in art. 8 of the "Fortwin Trust" was unambiguous?

2. If the word "issue" is ambiguous as used in the "Fortwin Trust," may the extrinsic evidence offered by appellant be introduced?

*Ambiguity of the word "issue."*

Both parties to this appeal are in substantial agreement as to the appropriate rules of construction to be applied, and it would be well to review them at the very outset. It is clear that the principles of construction which are applicable to wills and testamentary trusts

are also applicable to *inter vivos* trusts. *Uihlein v. Uihlein* (1960), 11 Wis. 2d 219, 105 N. W. 2d 351. Whether an adopted person takes under the terms of a trust instrument depends upon the intent of the donor at the time of its execution. *Lichter v. Thiers* (1909), 139 Wis. 481, 488, 121 N. W. 153.

In order to ascertain that intent, ". . . the court attempts to place itself in the position of the testator when he made his will and to consider the use of the words in relation to the surrounding circumstances." *Estate of Breese* (1959), 7 Wis. 2d 422, 426, 96 N. W. 2d 712.

In reaching the conclusion that the trust provision was unambiguous, the trial court placed great emphasis on the status of the law with regard to the rights of adopted children at the time the trust was executed. Appellant contends that the trial court erred in so doing. The thrust of her argument is that a court may resort to an examination of what the law was at the time a dispositive instrument was drafted only after it has first determined that the instrument itself, when read in light of the surrounding circumstances at the time of drafting, is found to be ambiguous.

Respondent takes the position that as a matter of necessity, since the donor is presumed to know what the present status of the law is, the words of the instrument actually used must be examined from that perspective and are, therefore, merely part of the surrounding circumstances.

This court has consistently held that the donor's subjective intent is determinative in interpreting a will or trust. In *Estate of Gehl* (1967), 39 Wis. 2d 206, 211, 159 N. W. 2d 72, the court quoted from Atkinson, *Wills* (hornbook series, 2d ed.), sec. 146 at p. 810 as follows:

" 'However strong the argument for an objective standard in case of contracts, the words of a will should be given the meaning that the testator gives them as distinguished from the usual or dictionary meaning. A

court can never be confident as to testator's probable meaning unless it puts itself into the testator's armchair so as to see what he knew, liked, disliked and how he talked and wrote about the matters connected with his disposition.' "

After finding that the word "children" was capable of giving rise to two entirely different meanings, the court in *Estate of McDonald* (1963), 20 Wis. 2d 63, 121 N. W. 2d 245, found that the term constituted a "latent ambiguity" and only after so concluding, stated at page 67 that:

"Existing statutory and case law is one of the extrinsic aids which may be consulted in resolving a will ambiguity by construction. *Lichter v. Thiers* (1909), 139 Wis. 481, 486, 121 N. W. 153, and *In re Moran's Will* (1903), 118 Wis. 177, 195, 96 N. W. 367. The reason for this is that testator is presumed to know the law—both statutory and case law. 57 Am. Jur., Wills, p. 759, sec. 1162. Where applicable law is to be looked to as a surrounding circumstance, it is the law in effect at the time of making the will."

The court there went on to state at page 68 of the opinion that:

"In the recent case of *Estate of Breese* (1959), 7 Wis. 2d 422, 96 N. W. 2d 712, the question presented was whether the word 'issue' as used by testatrix in her will included the adopted children of her deceased brother. This court concluded that there was no ambiguity in the will, when read in the light of surrounding circumstances, which would authorize the admission into evidence of conversations between testatrix and her attorney. It was held that the word 'issue' did include the adopted children of testatrix's deceased brother. In the course of the opinion the court stated (p. 430):
" 'We have arrived at this construction of the will without reference to any statutes, which in some cases are an aid in ascertaining the testator's intention. . . . *In our view of the language of the will and of the surrounding circumstances there is no ambiguity and the*

*resort to sec. 48.92 is not necessary as an aid in the construction of the testatrix's will.'*

"The plain implication of this quoted language is that, even if an ambiguity had existed in the will, any use of the mentioned statute would have been merely as 'an aid' and not as a controlling authority. Other extrinsic evidence of a testator's intent might outweigh the effect of such a statute." (Emphasis added.)

Likewise, in the more recent case of *Will of Adler* (1966), 30 Wis. 2d 250, 140 N. W. 2d 219, the parties stipulated that the word "issue" was ambiguous in light of its use in the will, and that there was no conduct or utterances of the testator which furnished extrinsic evidence of his intent. Upon this foundation and before going into an extensive review of the law which was in existence at the time of execution, the court stated at page 256:

"In the *Estate of McDonald* (1963), 20 Wis. 2d 63, 67, 121 N. W. 2d 245, the court stated that both statutory and case law were extrinsic aids . . . ."

In *Will of Adler, supra,* the testator created a trust, the proceeds of which were to be distributed to a principal beneficiary or, in the case of death, to her "issue." The principal beneficiary adopted a child after the death of the testator and the court was there concerned, just as it is here, with whether the adopted child was an "issue" under the terms of the trust. It is stated at page 255:

"The ambiguity arises when the interpreter of the will is confronted with the fact that one not a blood relative of the principal beneficiary, but an adopted daughter, makes claim as an 'issue.' "

We conclude that the trial court erred in finding the trust instrument unambiguous and in sustaining the respondent's objections to petitioner's offers of evidence. We further determine that the order of the trial court, dated June 4, 1971, must be vacated and set aside and

the cause remanded for further proceedings. On remand, the trial court should consider the status of the law as it actually existed at the time the "Fortwin Trust" was executed, together with admissible extrinsic evidence.

*By the Court.*—Order vacated and set aside and cause remanded for further proceedings consistent with this opinion.