[No. 5419.]

## In Matter of the Estate of ALFRED G. PRITCHETT.

Distribution of Estate.—The heir or devisee is entitled to have the estate distributed when the final account of the administrator has been settled, although a year has not elapsed since the will was probated, and there are persons living who are interested in the estate and may yet contest the validity of the will.

Appeal from the Probate Court, City and County of San Francisco.

The facts are stated in the opinion.

*M. B. Blake*, for the Appellant.

The petition was not premature under the general statutory provisions relative to settlement and distribution of estates less than ten thousand dollars in value. Only four months' notice to creditors is required, and it must be given immediately after the appointment of the executor or administrator. (C. C. P. secs. 1490–91.) "Every executor or administrator" must account within thirty days after expiration of notice to creditors. (C. C. P. sec. 1628, amended March 11, 1876. If the account is a final one, a petition for final distribution may accompany it, and distribution may be had at the time of settlement of the account. (C. C. P. sec. 1634.) Or, final distribution may be had on application made upon such final settlement "or at any subsequent time." (C. C. P. secs. 1665, 1668.)

*John F. Finn*, for the Administrator, and *T. H. Reardon*, for the brother of deceased.

By the Court:

The appellant, who is sole devisee of the entire estate under the will, applied to the Probate Court for a decree of distribution; and it appears from the findings: First. That the will was duly probated, and the defendant is the administrator with the will annexed, duly appointed and qualified. Second. That a notice to creditors was published as required by law, and the time within which creditors were

required to present their claims has fully expired. Third. That all the debts and charges against the estate, including the expenses of administration, have been fully paid, and the estate is ready for distribution. Fourth. That the final account of the administrator has been rendered and duly settled and allowed, from which it appears that there is a balance- in his hands subject to distribution. Fifth. That the testator left no wife nor father, nor issue surviving him, and that his mother (the appellant) is the sole devisee of the entire estate; but the testator left a surviving brother, over twenty-one years of age, residing in England, who has never appeared herein nor assented to the probate of the will, and has taken no steps to contest the same, nor have such steps been taken by any one else. Sixth. That the period of one year has not elapsed since the will was probated.

On these facts the court below held as a conclusion of law that the petition for distribution was premature, and entered an order dismissing the application, from which order the petitioner appeals.

Section 1327 of the Code of Civil Procedure provides that any person interested in the estate of a deceased person may, at any time within one year after the will of such deceased person has been probated, contest the validity of the will; and section 1333 reserves to infants and persons of unsound mind a like period of one year for that purpose, after their respective disabilities are removed. The court below held, that inasmuch as the brother of the deceased had one year within which to contest the validity of the will, and as that time had not elapsed since the will was probated, the petition for distribution was premature. In this ruling we think the court erred. Section 1665 of the same code provides; that upon the final settlement of the accounts of the executor or administrator, or at any subsequent time, upon the application of the executor or administrator or of any heir, legatee or devisee, the court "must" proceed to distribute the residue of the estate, if any, in the hands of the executor or administrator, among the persons who by law are entitled thereto. The command of the statute is peremptory and without qualification; that upon a final settlement of

the accounts of the executor or administrator, the residue of the estate shall be distributed. If it had been intended to postpone the distribution until after the time had elapsed within which the validity of the will might be contested, the statute would doubtless have so provided; but in the absence of such a provision, it cannot be assumed that it was intended to interpolate into the section a condition or qualification directly at variance with its express requirements. It is contended in argument that it cannot reasonably be inferred that it was intended to permit a distribution of the estate during the time within which the heir is allowed to contest the will, inasmuch as the distribution under such circumstances might, and in many cases would, practically defeat the rights of the heir, if the will should be set aside. But there is no room for the argument *ab inconvenienti* in the face of an express requirement of the statute; and if there were, it might well be insisted that it could not have been intended to postpone a distribution of the estate until a minor heir shall have attained his majority, or an heir of unsound mind shall have recovered his reason.

Order reversed and cause remanded for further proceedings in accordance with this opinion.