ESTATE OF ELLEN LYNCH, DECEASED.

[No. 3,079; decided June 30, 1884.]

**Partial Distribution—Time for Making.**—An application for partial distribution of a decedent's estate in course of administration may be made at any time after the period of administration mentioned in the statute, upon allegations showing the existence of the conditions and circumstances required by the statute.

**Partial Distribution—Time for Making.**—The rule prescribed by the statute, as to whom and under what circumstances a partial distribution of a decedent's estate may be had, is the same whether the decedent left a will, or died intestate. And a petition for the partial distribution of a testate's estate is not premature merely because the year given by the statute, within which a contest to the probate of the decedent's will may be filed, has not elapsed.

The opinion of the court in this case was rendered upon objections made to two separate petitions for distribution after the lapse of four months of administration—"partial distribution," as usually designated. The first filed petition was that of Margaret Daly, presented June 6, 1884, showing that petitioner was a legatee under decedent's will, which had been duly proved, to the extent of $1,000, and certain specified household furniture; that four months had elapsed since the issuance of letters testamentary to John D. Coughlin and Daniel J. Coughlin, the executors named in the will, who qualified May 24, 1884, and prayed for distribution of the legacies upon giving the bond required by the statute. The second petition was filed June 7, 1884, on behalf of and subscribed by (1) Catherine Riley, (2) Margaret Ware, (3) Margaret Weston, (4) Hannah Sullivan, (5) Adina Gertrude Ware, (6) Frances Ellen Ware, (7) Henry Ware (8) Mary Cunningham, (9) Miss Lizzie Armor, Superioress of the Convent of the Holy Family, and (10) Daniel J. Coughlin; and set forth the same facts respecting the administration as in the petition of Margaret Daly, first above mentioned. No attorney's name appeared upon either of the petitions, but it is recited by the record that Selden S. Wright, as the appointee of the court, appeared for them.

The two petitions came on regularly for hearing on the twentieth day of June, 1884, and a decree of "partial

distribution'' was made according to the prayers of the petitioners, under date of June 20, 1884, and was filed on the twenty-fourth day of June, 1884.

The record shows that Selden S. Wright, was appointed by order of June 6, 1884, as attorney to represent in the administration all unrepresented heirs and legatees, naming the parties interested, so far as known, to be Mary Riley, Ellen Riley, Anastasia Riley, Johanna Riley, David Riley, Henry Riley, Michael Riley and Patrick Riley. All of these parties named were legatees and also nephews and nieces respectively, and heirs of deceased; and resided at St. Peters, Cape Breton, Nova Scotia. None of them were petitioners for or participants in the "partial distribution."

Selden S. Wright, for petitioners.

E. E. Haft, contra, for executors.

COFFEY, J.  It is suggested, on behalf of executors that the petition for partial distribution is premature; that a year (the time to contest the validity of the will) should elapse before the application.

Under the authority of the Estate of Pritchett, 51 Cal. 568, the petition is not prematurely preferred, the essential facts and the principle of this matter corresponding to the facts and principle in that case.  Petition granted.

---

The Rule that the Final Distribution of an estate may be had upon the settlement of the final account of the executor, or at any subsequent time (Estate of Thayer, 1 Cal. App. 104, 81 Pac. 658; McAdoo v. Sayre, 145 Cal. 344, 78 Pac. 874), was invoked in Re Pritchett, 51 Cal. 568, 52 Cal. 94, although the time for contesting the will had not yet expired.