GEORGE E. WYETH & others *vs.* HOWARD L. STONE.

Middlesex.   March 8. — May 9, 1887.   FIELD, C. ALLEN, & GARDNER, JJ., absent.

A testator left a widow, and no children except an adopted daughter, E. By his will, he gave all his property to a trustee, in trust to pay all the income to his wife during her life, and also gave, at her death, pecuniary legacies to certain of his and her nephews and nieces, describing them as "my nephews and nieces;" and then provided as follows: "After the payment of the foregoing legacies, I give, bequeath, and devise all the remainder of my estate to my adopted daughter, E., wife of H., in her own right; but if the said E. shall die without issue before the decease of my said wife, then I give, bequeath, and devise said remainder to the heirs at law of my said wife." E. died without issue. The testator's widow died subsequently, having had no children of her body, but having adopted H., who survived her. *Held*, that, under the Pub. Sts. *c.* 148, §§ 7, 8, H. did not take under the devise to the "heirs at law" of the testator's wife.

WRIT OF ENTRY, by the nephews and nieces of Catherine Baker, to recover a parcel of land in Waltham. Plea, *nul disseisin*. The case was submitted to the Superior Court, and, after judgment for the tenant, to this court, on appeal, upon agreed facts, the material parts of which appear in the opinion.

*C. S. Lincoln & E. G. McInnes*, for the demandants.

*E. G. Loomis*, for the tenant.

MORTON, C. J.   Jalel Baker died in 1873, leaving a widow, Catherine, and no children except an adopted daughter, Eliza Stone. By his will he left all his property to a trustee, who was to pay all the income to his wife during her life.

By the second clause, he gave, at the death of his wife, pecuniary legacies to certain nephews and nieces of himself and of his wife, describing them as " my nephews and nieces."   The third clause is as follows: " After the payment of the foregoing legacies, I give, bequeath, and devise all the remainder of my estate to my adopted daughter, Eliza Stone, wife of Howard Stone of said Waltham, in her own right; but if the said Eliza Stone shall die without issue before the decease of my said wife, then I give, bequeath, and devise said remainder to the heirs at law of my said wife."

All the debts, legacies, and expenses have been paid, and the demanded premises are the only property undisposed of.   It is not disputed that the demandants can maintain this action, if they are the owners of the equitable estate devised by the third clause of the will.

Eliza Stone died without issue in May, 1877.   The wife of the testator died in March, 1883.   She had no children born of her body, but in September, 1877, she adopted the tenant, Howard L. Stone, the husband of said Eliza.

The tenant's rights depend upon the construction of the Pub. Sts. *c.* 148, §§ 7, 8, which are a reënactment of the St. of 1876, *c.* 213, §§ 8, 9.   Section 7 provides that, as to the succession or inheritance of property, an adopted child " shall take the same share of property which the adopting parent could have devised by will that he would have taken if born to such parent in lawful wedlock, and he shall stand in regard to the legal descendants, but to no other of the kindred of such parent, in the same position as if so born to him."   Section 8 provides that " the term

'child,' or its equivalent, in a grant, trust-settlement, entail, devise, or bequest, shall be held to include a child adopted by the settler, grantor, or testator, unless the contrary plainly appears by the terms of the instrument; but when the settler, grantor, or testator is not himself the adopting parent, the child by adoption shall not have, under such an instrument, the rights of a child born in lawful wedlock to the adopting parent, unless it plainly appears to have been the intention of the settler, grantor, or testator to include an adopted child."

These provisions made a material change in the laws as to the rights of children adopted prior to the St. of 1876; and therefore the decision in *Sewall* v. *Roberts*, 115 Mass. 262, does not aid us in the present inquiry. See Gen. Sts. *c.* 110; St. 1871, *c.* 310. It is probable that the St. of 1876 was passed in consequence of that decision. The design of the Legislature in this statute clearly was to qualify and limit the rights of an adopted child under the previous statute, as construed by this court. The purpose of the statute seems to be to make a distinction between property which the adopting parent owns and can dispose of by will, and other property or rights which a child born in wedlock can take derivatively through or by reason of his kinship to his parent.

Thus, by § 7, an adopted child will take by succession or inheritance the same share of the property which the parent owns, so that he can dispose of it by his will as if he were a child born in wedlock; but he cannot take property not owned by the parent, but which would come to a child born in wedlock by right of representation after the parent's death. He can inherit directly from the parent, but he cannot inherit in lieu of his parent by right of representation from any of his parent's kindred.

The purpose of § 8 is to provide for cases where property comes to a man's children, not by inheritance, but under a settlement, trust deed, or will, and to establish a rule governing the rights of adopted children in such cases. There is no word which is exactly the equivalent of "child," so as to be interchangeable with it under all conditions. We think the intention was to provide, that if, by a settlement, deed, or will, property is given by terms which embrace and include a child born in

wedlock, and which, in their application to existing facts, have the same effect and mean the same thing as child or children, such as the terms "issue," "descendant," or "heir at law," the rules provided by this section shall apply in the construction of the instrument. Any other construction would give the statute a very narrow scope, and to a great extent defeat its purposes.

In the case at bar, the property is devised to "the heirs at law of my said wife." The tenant is not the natural heir at law of Mrs. Baker. The statutes do not give him all the qualities and rights of an heir at law, but only certain limited rights. He claims upon the ground that, in this case, the term "heir at law" embraces and is equivalent to "child"; and therefore that he, having by the adoption the rights of a child born in wedlock, is entitled to the whole estate.

We are of opinion that § 8, above cited, applies to this case; and therefore, inasmuch as the testator is not the adopting parent, the burden is upon the tenant to show that it was the intention of the testator to include an adopted child.

The will shows that the testator had in his mind the natural heirs of his wife, as he gives to most of them pecuniary legacies, describing them as "my nephews and nieces." There is nothing to show that he contemplated that his wife might, after his death, adopt a child; and it is impossible to say that, in the words of the statute, it plainly appears to have been the intention of the testator to include in his devise an adopted child of his wife.

We are therefore of opinion that the demandants are entitled to recover. *Judgment for the demandants.*