WARREN K. BLODGETT & another, trustees, *vs.* MAUDE
E. STOWELL & others.

Suffolk.    January 25, 1905. — September 11, 1905.

Present: KNOWLTON, C. J., MORTON, LORING, & BRALEY, JJ.

*Adoption.    Devise and Legacy.*

One adopted as a daughter in 1891, cannot take as the "issue" or the "heir" of
her father by adoption under a provision for such issue or heir in a will of the
father of her father by adoption who died in 1867, especially where the words
"by right of representation" are used.

APPEAL from a decree of the Probate Court for the county of
Suffolk upon a bill in equity filed in that court on February 3,
1904, by the trustees under the will of Caleb Stowell, late of
Boston, for instructions.

The decree in the Probate Court was made by *Grant,* J., who
ordered a distribution excluding Maude E. Stowell, an adopted
daughter of Lemuel C. Stowell, a son of the plaintiffs' testator.
The case came on to be heard before *Braley,* J., who reserved it
upon the pleadings and an agreed statement of facts for deter-
mination by the full court.

*C. F. Kittredge,* for Maude E. Stowell.

*H. M. Davis,* for William H. Minot and Caroline M. Roundy.

*B. S. Parker,* for Bernard C. Cleaveland.

*J. V. Beal & F. Burke,* for Frederick W. Shaw and others.

MORTON, J.    The only question presented for decision in this
case is whether Maude E. Stowell, the adopted daughter of
Lemuel C. Stowell, a son of Caleb Stowell, takes, as heir or issue
of Lemuel, certain real estate and the income thereof devised in
trust by the will of Caleb.    It is not contended that the property
with the accumulated income would not go to the children and
grandchildren of the sisters of Lemuel as decreed by the Probate
Court if the said Maude does not take as the adopted daughter
of Lemuel.

Caleb Stowell died testate in January, 1867, and his will was
duly probated in the following May.    He left a widow and three
children, Lemuel, Henry and a daughter, and three grandchildren,

the children of a daughter who had died before him. Lemuel died in June, 1903, a widower, never having had a child born in lawful wedlock, but leaving the respondent, Maude E. Stowell, who had been duly adopted by him in 1891 after his wife's death. He died testate, but no question arises under his will. Under the will of Caleb Stowell, after the death of his widow, the income of the property in question was to go to Lemuel during his life and after his death one third of it was to go to his widow, if he left one, so long as she lived, the remainder to go to his issue "if any then living, in equal shares, by right of representation"; but if he left no issue "then to those of his . . . heirs who shall then be living, in equal shares, by right of representation," and at the decease of the widow, or if he left no widow then at his, Lemuel's, decease the trustees were "to transfer and divide and convey in fee simple the whole of the principal or property from which said income issues or is derived, to and among the same persons as said remainder of said income is above provided to be divided, and in the same shares as so provided." The question is, as already observed, whether, according to the proper construction of the will of Caleb Stowell, the respondent Maude E. Stowell takes as "issue" or "heir" of Lemuel. The decree of the Probate Court was in effect that she did not, and we think that it was right.

It is to be noted that she was not adopted till 1891, twenty-five years after Caleb Stowell's will was executed, and not till long after the St. of 1876, c. 213, had been enacted which, as the court said in *Wyeth* v. *Stone*, 144 Mass. 441, made a material change in the law in regard to the rights of adopted children and probably was passed in consequence of the decision in *Sewall* v. *Roberts*, 115 Mass. 262. It is to be noted also, that the will which we are asked to construe, is not the will of the parent by adoption, but the will of his father. It is plain that the heirs or issue of Lemuel are to be ascertained as of the date of his death. *International Trust Co.* v. *Williams*, 183 Mass. 173. *Lincoln* v. *Perry*, 149 Mass. 368. The will expressly so provides. It is plain also, we think, that the effect of the adoption is to be determined by the law in force at the time of the adoption, and not at some earlier period, that of the execution of Caleb Stowell's will, for instance. It is true that the testator may be supposed

to have had his will drawn with reference to the law as then existing. And, if the respondent Maude had then been adopted by Lemuel, the change in the statute subsequent to the death of Caleb Stowell and the proof of his will could not have affected her rights. But it is equally true that in using the words " heirs " and "issue" with respect to Lemuel he must be supposed to have used those terms as describing persons who would be heirs or issue according to the law as it would then be, and with such rights as the law as it then existed would or might give them in his estate under the provisions of his will. It is clear that as the law stood at the time of the adoption and at the time of the death of Lemuel, the respondent Maude would not take under the will of Caleb Stowell as the heir or issue of Lemuel unless it plainly appeared to have been his intention to include an adopted child of Lemuel. *Wyeth* v. *Stone*, 144 Mass. 441. There is nothing to show that it does so appear. The words "by right of representation" are inconsistent with such a construction since they apply to lineal descendants only and *Wyeth* v. *Stone* is a decision directly to the contrary. *Buckley* v. *Frasier*, 153 Mass. 525, only decides that an adopted child is "issue" of the adopting parents so far as their property is concerned. In *Johnson's appeal*, 88 Penn. St. 346, relied on by the respondent Maude, the remainder was expressly given to "the person or persons" who would "by the intestate laws of this Commonwealth, be entitled to the same, if he [the son] had died intestate seised thereof in fee," and in *Tirrell* v. *Bacon*, 3 Fed. Rep. 62, also relied on by her, the adoption and the death of the testator had both occurred before the passage of St. 1876, c. 213.

*Decree affirmed.*