FRANK B. WILDER, Trustee,

*vs.*

ESTELLE L. WILDER BUTLER, et al.

Waldo.    Opinion October 27, 1917.

*General rule as to the rights of "adopted children." Rule where one makes provision
for his own "child or children" as to including an "adopted child or children."
Rule where provision is made for a "child or children" of some other person.
Rule as to "adopted child" taking as a "lineal descendant."
Distinction between an "adopted child" inheriting a legacy
from the testator and taking the same legacy as a
"lineal descendant" by force of the statute.*

A deed of trust provided that at the termination of certain life estates the trustee
should transfer and convey said premises and trust estate in fee simple to the
child or children of A., free and discharged of all trusts.   A. left no children of
his body but left a legally adopted son, the adoption having occurred sixteen
years after the trust deed was executed.

Upon the question whether this adopted son is to be deemed a "child" within the
purview of this trust deed it is

*Held:*

1.   That under R. S., Chap. 72, Sec. 38, an adopted child, so far as custody of the
person and rights of inheritance and obedience are concerned, becomes the
child of the adopters the same as if born to them in lawful wedlock, with two
exceptions not material here.

2.   That when one makes provision for his own "child or children" by will or
by deed of trust he should be presumed to have included an adopted child
within that designation.

3.   But when in a will or deed of trust provision is made for a "child or children"
of some other person than the testator or grantor an adopted child is not
included unless other  language in the will or deed makes it clear that he was
intended to be included.

4.   That as the gift over in this case was to the "child or children" of another
party than the grantor the presumption is against the estate passing to the
adopted son, and as the record is barren of any facts tending  to prove  that the
grantor intended the estate to pass to an adopted child, the burden resting on
the defendants has not been sustained.

Action of forcible entry and detainer. In the Municipal Court defendant filed plea of general issue, together with brief statement alleging title in Walter Morse Wilder, under whom defendant claimed to occupy and hold the property in question. In the Supreme Court, to which the action was appealed, defendants, by consent of plaintiff and by leave of court, filed an amended brief statement and also filed an equitable plea under and by virtue of Chap. 84, Secs. 14, 17, R. S., 1903 (Chap. 87, Secs. 15, 17, R. S., 1916), and the case was reported to Law Court upon agreed statements, the Law Court to determine all questions of law and fact and to render judgment accordingly. Judgment for plaintiff.

Case stated in opinion.

*Dunton & Morse,* for plaintiff.

*Arthur S. Littlefield,* for defendants.

SITTING: CORNISH, C. J., BIRD, HALEY, HANSON, MADIGAN, JJ.

CORNISH, C. J. This is an action of forcible entry and detainer. The legal rights of the parties depend upon the construction to be given to the words "child or children" as used in a certain clause in a trust deed from Andreas Blume to Frank B. Wilder, Trustee, dated January 23, 1892. This trust deed granted a life estate in certain property in Waldo County to William L. Wilder, and, at his decease, an estate to Minnie E. Wilder, the wife of William L., during her life or her widowhood. Then follows the clause in controversy: "And on her marriage, or if she shall not marry again, on her death, (the trustee) to transfer and convey said premises and trust estate in fee simple to the child or children of said William L. Wilder, free and discharged of all trusts."

Minnie E. Wilder was divorced by her husband, William L., in 1903. She married again and now disclaims all interest in the subject matter of this suit. William L. subsequently married Estella L. Morse, one of the defendants, who had been previously married and had a son by the former husband. On August 14, 1908, sixteen years after the trust deed was given, this son was duly adopted by his step-father, William L. Wilder, and took the name of Walter Morse Wilder. He is the co-defendant. William L. Wilder died on May 4, 1915, leaving no children of his body, but leaving this adopted son. Without going further into the chain of title it is sufficient to state, that

it is agreed that if this adopted son takes the property under the terms of the trust deed, judgment is to be rendered for the defendants; otherwise for the plaintiff. The single question therefore is, whether this adopted son is to be deemed a "child" of William L. Wilder within the purview of this trust deed. Under the settled law of this State we must answer this question in the negative.

The defendants base their contention upon the statute governing adoption which is in these words: "By such decree the natural parents are divested of all legal rights in respect to such child, and he is freed from all legal obligations of obedience and maintenance in respect to them; and for the custody of the person and all rights of inheritance, obedience and maintenance he becomes to all intents and purposes, the child of his adopters, the same as if born to them in lawful wedlock, except that he shall not inherit property expressly limited to the heirs of the body of the adopters, nor property from their lineal or collateral kindred by right of representation" etc., R. S., Chap. 72, Sec. 38. Neither of these exceptions is involved here. The adopted child is not to all intents and purposes whatever declared to be the child of his adopters the same as if born to them in lawful wedlock, but "for the custody of the person and all rights of inheritance, obedience and maintenance." The limitation is plain. The original statute in this State had even a narrower scope. It provided that a child so adopted should be deemed to have the same rights as the child of the body, merely "for the custody of the person and the right of obedience." Public Laws 1855, Chap. 189, Sec. 6. The qualified right of inheritance was added by Public Laws 1880, Chap. 183.

What is the legal effect of the present statute regulating adoption so far as property rights are concerned? In strictness it simply fixes the status of the adopted child in case of the intestacy of his adopters, where the rights of inheritance are involved. It is also held to have a bearing upon the intention of the grantor or testator who is himself the adopter. But it is of no particular aid in determining whether an adopted child is within or without the designation of "child" or "children" as used in a deed or will where the grantor or testator is other than the adopter. The right of inheritance by the adopted child is a matter of statutory creation; the taking under a deed or a will depends upon the intention of the grantor or testator, as revealed by the instrument itself construed in the light of the surrounding

facts and conditions. Where the grantor or testator is the adopting parent it is reasonable to presume that the adopted child was within the intended bounty of such grantor or testator. But where he is a stranger to the adoption such presumption does not prevail. The distinction between the limitation of the statute to the inheritance rights of the adopted child, and the rule governing the construction of a deed or will of a stranger to the adoption is clear, and it has been observed in previous decisions of this court. A leading case in each line will serve as illustrations. ·

In *Warren* v. *Prescott*, 84 Maine, 483, the testatrix devised the residue of her estate, share and share alike, to various relatives, each legatee being entitled to one-eleventh. One legatee predeceased the testatrix, leaving no issue of his body but leaving an adopted child. Under the statute, then and now in existence, when a relative of the testator, having a devise of real or personal estate, dies before the testator, leaving lineal descendants, the devise does not lapse as at common law, but those descendants take such estate as would have been taken by such deceased relative if he had survived. R. S., (1916) Chap. 79, Sec. 10. The precise question before the court in that case was whether an adopted child is made a lineal descendant by the statute of adoption, and as such could prevent the lapsing of the legacy. Lineal descendants are those to whom the property would descend in a line, were there no will. Who they may be is prescribed in this State by the statutes regulating descent. The statute of adoption makes an adopted child inherit from its adopters the same as a child born to them in lawful wedlock, with certain exceptions not here involved, and to that extent constitutes a part of the statute of descent. Therefore the child by adoption answers the requirement of lineal descendant, and the court so held in that case. The only question was that of inheritance from the adopter, as was made clear by the court in stating the rights of the adopted child: "He does not 'inherit' the legacy from the testator. He takes as a lineal descendant of the legatee by force of the statute. . . . Not as a lineal descendant by birth, but as a statutory lineal descendant, and as lawfully in the line of descent as if he were placed there by birth. It is as competent for the legislature to place a child by adoption in the direct line of descent as for the common law to place a child by birth there." The construction of the word "child" in a will, as including an adopted child, was not involved in that case;

simply the construction of the words "lineal descendants" in another statute, as including an adopted child under the provisions of this statute. The gift was to the legatee alone. There was no limitation as to child or children. There was no suggestion as to where the testatrix desired that share to go in case of the legatee's death prior to her own. She left that matter to the law, and the statute as interpreted by the court settled it. An adopted child was held to be a statutory lineal descendant and the existence of a lineal descendant prevented the lapsing of the legacy.

As clearly illustrative of the other line of decisions, those involving the construction of the word "child" in a deed or will as embracing an adopted child, is the recent case of *Woodcock's Appeal*, 103 Maine, 214. In that case the testatrix gave the remainder of her estate to her daughter Mary for life. Then followed this clause: "Upon the decease of my said daughter Mary, without a child or children, I give and devise the balance of my estate then remaining unto my following named three children, . . . . equally, and in case either of my said three children shall die before said Mary, leaving a child or children, then it is my will and desire and I do hereby devise and bequeath that the child or children of said deceased child shall receive the same share as its or their parent would have received if living." One of the sons died, leaving no child of his blood but a child by adoption. The question directly involved was whether the words "child or children", as used in the clause in the will above quoted, included this adopted child, and the court held that it did not. It was not a question of the construction of the adoption statute as in *Warren* v. *Prescott*, supra, but of the words in a will; not a question of the intention of the legislature but of the testatrix. The rule to be followed in the construction of a will, and the reasons therefor, are laid down in these words:

"Where one makes provision for his own 'child or children' by that designation he should be held to have included an adopted child, since he is under obligation in morals, if not in law, to make provision for such child", (citing *Virgin, Ex'r.*, v. *Marwick*, 97 Maine, 578, and *Martin* v. *Aetna Life Ins. Co.*, 73 Maine, 25) "When, in a will, provision is made for 'a child or children' of some other person than the testator, an adopted child is not included, unless other language in the will makes it clear that he was intended to be included, which is not the case here. In making a devise over from his own children

to their 'child or children' there is a presumption that the testator intended 'child or children' of his own blood, and did not intend his estate to go to a stranger to his blood. Blood relationship has always been recognized by the common law as a potent factor in testacy."

The application of this rule in the case at bar is conclusive upon the rights of the parties, because the terms of the gifts in the two instruments, and the circumstances, are substantially the same. The gift over by the grantor in this trust deed, as by the testatrix in the will, was not to his own child or children but to the child or children of another party, William L. Wilder. Therefore the presumption is against the estate passing to the adopted son of William L. unless in other ways such clearly appears to have been the intention of the grantor. The case is barren of any facts suggesting such intention. The same considerations that led the court in *Woodcock's Appeal* to deny the right of the adopted child, prevail with equal force here. The adopted son of William L. Wilder, however fully his child at law, was in no way related to the grantor Blume, nor even to his grantors, the executors of the will of Charles W. Wilder whose conveyance to Blume was a part of the same transaction. The trust settlement was made when William L., the first beneficiary, was living with his first wife, from whom he was subsequently divorced, and sixteen years prior to the adoption by William L. of this son of his second wife by a former husband. The grantor or settler was under no kind of obligation to make provision for him and no intention to do so can be inferred from the situation.

The defendants confidently rely upon two Massachusetts cases, one in the State and the other in the Federal Court, in support of their contention, but the statute under which they were decided was much broader than the statute in Maine. The first is *Sewall* v. *Roberts*, 115 Mass., 262, (1874) where it was held that the adopted child of a beneficiary took as a "child" under the terms of the trust settlement. The Massachusetts statute, governing that case, as quoted in the opinion, provided that "a child, so adopted, shall be deemed for the purposes of inheritance by such child and all other legal consequences and incidents of the natural relation of parents and children, the child of the parents by adoption, the same as if he had been born to them in lawful wedlock" etc. This act established the status of an adopted child not only as regards inheritance, but for

"all other legal consequences and incidents of the natural relation of parents and children." This language is very broad and comprehensive, as the court remarked, and it was upon this clause that the opinion was based. Here are the decisive words: "It is true that if she takes under the settlement the property does not come to her by inheritance, but it comes to her as one of 'the legal consequences and incidents of the natural relation of parents and children.'" This comprehensive clause upon which that decision rested is not to be found in the Maine statute, and for this reason *Sewall* v. *Roberts* fails as an authority here.

It is significant that within two years after this interpretation was rendered by the court, the Legislature of Massachusetts repealed the statute under which *Sewall* v. *Roberts* was decided and enacted Chap. 213 of the Public Laws of 1876 "with a view to limit the operation of the earlier statutes as construed by the Court", as the Federal Court observed in *Tirrell* v. *Bacon*, 3 Fed. Rep., 62. This case is the other upon which the defendants strongly rely, but although it was decided in 1880, four years after the statute in *Sewall* v. *Roberts* had been repealed, it involved the construction of the same statute, because the adoption of the child and the death of the testator having both occurred prior to the passage of the statute of 1876, Chap. 213, the interest of the adopted child had become vested and therefore was expressly excepted from the provisions of that statute as the court held. *Tirrell* v. *Bacon* rests on *Sewall* v. *Roberts* and together with that case is not to be regarded as an authority in the case at bar. It is unnecessary to discuss other authorities cited by the learned counsel for the defendants.

Under the present statute in Massachusetts, which is the embodiment of Chap. 213 of the Public Laws of 1876, the term "child" or its equivalent in a grant, devise or trust deed, is held to include a child adopted by the grantor, testator or settler, unless the contrary plainly appears by the terms of the instrument; but where the grantor, testator or settler is not himself the adopting parent, the adopted child does not have the rights of a child of the body unless it plainly appears to have been the intention of the testator to include such adopted child. Revised Laws of Mass., Chap. 154, Sec. 8; *Wyeth* v. *Stone*, 144 Mass., 441; *Blodget* v. *Stowell*, 189 Mass., 142; *Walcott* v. *Robinson*, 214 Mass., 172.

This court, in the case of *Woodcock's Appeal*, supra, established the same rule of construction in this State as the Legislature of Massachusetts has formulated in statute. The burden is upon the defendants here to show that it was the intention of the settler to include an adopted child of William L. Wilder, when he used the words "child or children" in his trust deed. We can find nothing to indicate that the settler had in mind any other than the child or children by blood, children in fact, in the ordinary signification of the term. The burden resting upon the defendants has not been sustained.

*Judgment for plaintiff.*