MORITZ v. WAYNE CIRCUIT JUDGE.

1. ESTATES OF DECEDENTS—FINAL DISTRIBUTION—RECEIPTS.
    Niece of intestate acknowledged full and complete satisfaction of all her claims in the residue of the deceased's estate by signing receipts for payments made pursuant to final distribution.

2. ADOPTION—EXTENT OF HEIRSHIP.

> Upon adoption a child does not thereby become an heir of a person other than the adopting parents and does not inherit from kindred of the adopting parent.

3. ESTATES OF DECEDENTS—DELAYED APPEAL FROM PROBATE COURT—IGNORANCE OF LAW—DISTRIBUTION TO STRANGERS.

> Circuit court's determination that requirements of justice did not compel revision of case and allowance of a delayed appeal from probate court's order allowing final account and distribution of residue of intestate estate was not an abuse of discretion where intestate's niece, seeking such appeal on petition filed three days before elapse of statutory period permitting it, knew her father, who predeceased her uncle, had adopted a boy who had shared in distribution of her uncle's estate as an heir-at-law, and to readjust distribution now would entail great hardship to the administrator and surety on his bond who have long been discharged after having faithfully performed probate court's orders made while niece dwelt in ignorance of her real position (3 Comp. Laws 1929, §§ 15969, 15970).

4. SAME—DENIAL OF DELAYED APPEAL WITHOUT PREJUDICE TO OTHER RELIEF.

> Order denying delayed appeal from order allowing final account and distribution of residue of an intestate estate in which a stranger to the estate had shared as an heir-at-law is affirmed where petitioner for such appeal acted in ignorance of her real position until shortly before filing of petition, but without prejudice to any rights petitioner may have to an action at law or in equity or by petition to reopen estate and have administrator *de bonis non* recover moneys paid through a mistake of law to such stranger and make proper distribution thereof.

Mandamus by Edith Moritz against Sherman D. Callender, Wayne Circuit Judge, to compel latter to grant leave to take a delayed appeal from a probate court order of distribution and allowance of final account. Submitted June 27, 1939. (Calendar No. 40,548.) Writ denied December 19, 1939.

*Toy & Newman,* for plaintiff.

*Beattie & Stephens* (*Abner A. Homburger,* of counsel), for defendant.

Butzel, C. J. John Horsman, widower, died intestate on November 3, 1936. He left surviving him his next of kin, a brother, Thomas B. Horsman, and three nieces, the daughters of a deceased brother, Edward Horsman. The latter also had an adopted son, Edward Horsman, Jr., who had been adopted when approximately two weeks of age. On November 4, 1936, one of the nieces, Edna Clements, filed a petition for special administrator, which was. granted *ex parte*. Very shortly thereafter, Thomas B. Horsman, the surviving brother, filed a petition asking for his appointment as general administrator. Each of the petitions named Edward Horsman, Jr., as heir-at-law of John Horsman, deceased. According to the concise statement of proceedings and facts in the record, the latter petition was heard before a Wayne county probate judge. All of the nieces and the said Edward Horsman, Jr., were either present in person or represented by counsel. Thomas B. Horsman was appointed general administrator; no objection was made as to the status of Edward Horsman, Jr., as an heir-at-law, nor to his right to share in the estate of the deceased.

Shortly thereafter commissioners on claims were duly appointed. Two meetings of the commissioners were held at which petitioner was represented by an attorney. The debts as allowed were paid by June 1, 1937. No appeals were taken from the report of the commissioners. On June 4th an order was entered for a partial distribution of the estate, $40,000 to be paid to the brother of deceased and $10,000 to each of the children of Edward Horsman, deceased. Payments in bonds were delivered and duly receipted for by each of the heirs, including petitioner. No appeal was taken from this order of distribution, nor was there any objection raised to the right of participa-

tion of Edward Horsman, Jr.   On September 30, 1937, the first and final accounting of the administrator was ordered.   Payments were made in the same proportion as on the partial distribution, and receipts were duly given therefor by Edward Horsman, Jr., and the three nieces, including Edith Moritz, the petitioner herein.   By signing the receipt petitioner acknowledged full and complete satisfaction of all her claims in the residue of the deceased's estate.   Thereafter, the administrator was discharged and his bond cancelled.

Three days before the statutory period elapsed, petitioner on September 27, 1938, filed a motion in the Wayne circuit court for leave to take a delayed appeal from the allowance of the final account entered on September 30, 1937.   The petition set forth that the distribution to Edward Horsman, Jr., was improper and contrary to the laws of descent and distribution because he was an adopted rather than a blood son of Edward Horsman, the deceased brother of the decedent.   Alleging that she had been ignorant of the applicable rule, petitioner stated that her delay in objecting to the distribution was due to unfamiliarity with the practice of the probate court and that she was not guilty of any negligence and had taken immediate steps to enforce her rights upon learning that the allotment to Edward Horsman, Jr., had been made under a misconception.   In an additional affidavit filed by her husband, it was claimed that at the time the first partial distribution was made, petitioner asked the attorney for the administrator whether an adopted son of a deceased brother had a right to share in the estate, and she was assured that there was such right if the adoption had been regular and legal.   That such conversation ever took place was denied in a counter-affidavit made by

the attorney. Edna Clements, a sister of petitioner, also filed a supporting affidavit alleging that she inquired of her uncle, Thomas B. Horsman, the administrator, whether Edward Horsman, Jr., was entitled to share in the estate and that she was assured by the administrator and his attorney that such was the law in Michigan. When the motion came on for hearing, the trial judge refused to allow a delayed appeal.

Including Edward Horsman, Jr., as an heir-at-law was improper, for he was a legal stranger to the estate. In Michigan it has been established that one cannot adopt an heir for another person. *Van Derlyn* v. *Mack,* 137 Mich. 146 (66 L. R. A. 437, 109 Am. St. Rep. 669, 4 Ann. Cas. 879). We do not find, however, any abuse of discretion on the part of the trial court in determining that revision of this case was not compelled by the requirements of justice as set forth in 3 Comp. Laws 1929, §§ 15969, 15970 (Stat. Ann. §§ 27.3169, 27.3170). From the beginning petitioner was fully aware of the single pertinent and necessary fact—that Edward Horsman, Jr., was an adopted son. At the same time by her repeated acquiescence without objection to distributions made to him, she indicated her recognition of Edward Horsman, Jr., as an heir of the estate. This inconsistent position can be accounted for in only one way—petitioner manifestly was ignorant of the governing law. Of the consequences of such ignorance she cannot be relieved by this proceeding. The refusal of a trial judge to allow delayed appeal where there was a misconception of fact, although the petitioner himself was without fault, was sustained in *Clark* v. *Berrien Circuit Judge,* 194 Mich. 180. *A fortiori,* a misconception of law to which the negligence or ignorance of petitioner substantially

contributed by her failure to obtain proper legal advice, is not entitled to greater indulgence. While petitioner's claim was meritorious had it been timely asserted, it was within the judgment of the circuit judge to refuse to entertain it by means of delayed appeal at this late date. During the entire administration Edward Horsman, Jr., was treated by all parties as legally entitled to a share in the estate. The probate court ordered partial distribution on that assumption, and delayed appeal from that order is specifically barred by elapse of the statutory period. To readjust on delayed appeal the final distribution of the residue would entail, furthermore, great hardship to the administrator and the surety on his bond who have long been discharged, having faithfully performed the orders of the court made while petitioner dwelt in ignorance of her real position.

In *Ernst* v. *Freeman's Estate,* 129 Mich. 271, a somewhat similar question arose, and we held that where the administrator proceeded to distribute the estate according to the order of the probate court, and there had been no appeal or stay granted on the order, the administrator will be protected although time for appeal had not elapsed. An adopted child does not inherit from the kindred of adopting parent. *Van Derlyn* v. *Mack, supra.* The order of the circuit court denying a delayed appeal is affirmed, with costs to appellee, but without prejudice to any rights petitioner may have to bring an action at law or in equity, or by petitioning the probate court to reopen the estate and appoint an administrator *de bonis non* to recover moneys paid through a mistake of law to Edward Horsman, Jr., a stranger to the estate of John Horsman, deceased, and pay the amount so recovered to those entitled to it. In event appellant

desires to petition for reopening the estate, the case will be remanded to the probate court. As the question of procedure is not briefed, we do not pass on it.

Wiest, Bushnell, Sharpe, Potter, Chandler, North, and McAllister, JJ., concurred.