In the Matter of the Will of BERTHA L. HODGES, Deceased. MARCELLA J. CECALA, Appellant; ANNA K. DEABOLD, et al., Respondents.

Argued January 4, 1945; decided March 1, 1945.

*James O. Moore, Sr.,* and *Nathan Rovner* for appellant. I. Appellant is the child, lineal descendent, heir at law, next of kin and legal representative of her foster father and therefore entitled to the estate of his deceased mother. II. That the adopted child had all the rights of inheritance of a natural child was the interpretation of section 114 of the Domestic Relations Law and its predecessors. (*Gilliam* v. *Guaranty Trust Co.,* 186 N. Y. 127; *Matter of Cook,* 187 N. Y. 253; *Carpenter* v. *Buffalo General Electric Co.,* 213 N. Y. 101; *United States Trust Co. of N. Y.* v. *Hoyt,* 115 Misc. 663, 173 App. Div. 930, 223 N. Y. 616; *United States Trust Co.* v. *Hoyt,* 150 App. Div. 621; *Matter of Bates,* 173 Misc. 703; *Matter of Gilmartin,* 156 Misc. 699, 250 App. Div. 762, 277 N. Y. 689; *Dodin* v. *Dodin,* 16 App. Div. 42; *Bourne* v. *Dorney,* 184 App. Div. 476; *Matter of Walter,* 270 N. Y. 201.) III. The changes incorporated in section 115 of the Domestic Relations Law as taken over from former section 114 in a measure clarified the language and assured the right of a foster child to inherit through his deceased foster parents. (*Carpenter* v. *Buffalo General Electric Co.,* 213 N. Y. 101; *Betz* v. *Horr,* 276 N. Y. 83; *Matter of MacRae,* 189 N. Y. 142; *Flagler* v. *Hearst,* 62 App. Div. 18; *People* v. *Dethloff,* 283 N. Y. 309.) IV. Whether the gift under the will of Elizabeth G. Hodges, widow of Marshall J. Hodges, deprived Marshall's adopted daughter, the appellant, of the benefits of section 29 of the Decedent Estate Law is doubtful because Elizabeth survived Marshall. (*Matter of Walter,* 270 N. Y. 201.)

*Walter N. Renwick* for Anna K. Deabold and others, respondents. I. Section 115 of the Domestic Relations Law nowhere

states nor implies that the adopted child will inherit the intestate property of the adopter's parent. (*Hopkins* v. *Hopkins,* 202 App. Div. 606, 236 N. Y. 545; *Matter of Hall,* 234 App. Div. 151, 259 N. Y. 637; *Matter of Cuddeback,* 174 Misc. 322; *Matter of Brenner,* 149 Misc. 412; *Matter of Marsh,* 143 Misc. 609.) II. Section 115 of the Domestic Relations Law nowhere states that an adopted child shall inherit from the adopter's parents. III. The words " heirs and assigns " in a will are words of limitation and not purchase. (*Matter of Reynolds,* 109 Misc. 453, 192 App. Div. 937.)

*Creighton S. Andrews,* special guardian for Mary J. Dorr and others, infants, respondents. I. The right of appellant to take as sole distributee depends upon the statute only. (*United States Trust Co.* v. *Hoyt,* 150 App. Div. 621; *Carroll* v. *Collins,* 6 App. Div. 106; *Matter of Thorne,* 155 N. Y. 140.) II. Adoption is created by agreement and the foster parent may not thereby " adopt heirs " for third persons. (*Matter of Hall,* 234 App. Div. 151, 259 N. Y. 637; *Kettell* v. *Baxter,* 50 Misc. 428; *Matter of Brenner,* 149 Misc. 412.) III. If the trend of judicial decisions is toward extending the right of an adopted child to inherit this is not sufficient, as such extended right must be found in the statute. (*Matter of Hecker,* 178 Misc. 449.)

*Per Curiam.* In *Hopkins* v. *Hopkins* (202 App. Div. 606, 236 N. Y. 545) and *Matter of Hall* (234 App. Div. 151, 259 N. Y. 637) it was held that no statute of this State entitled an adopted child to inherit from the next of kin of its foster parents. There has been no statutory change in the law as there declared. Any extension thereof must be made by the Legislature.

The order should be affirmed, without costs.

LEHMAN, Ch. J., LOUGHRAN, LEWIS, CONWAY, DESMOND, THACHER and DYE, JJ., concur.

Order affirmed.